*In re* RIGGINS.

1. EXTRADITION—IDENTITY.
   Under the uniform extradition act the accused may raise the question of identity (Act No. 144, § 9, Pub. Acts 1937).

2. SAME—ISSUE OF GUILT OR INNOCENCE.
   The guilt or innocence of the accused cannot be inquired into under the uniform extradition act as that issue is for trial in the courts of the demanding State (Act No. 144, § 19, Pub. Acts 1937).

3. CERTIORARI—HABEAS CORPUS—REVIEW OF EVIDENCE.
   On certiorari from denial of habeas corpus, the Supreme Court does not pass upon the weight of the evidence but examines the evidence to note whether the finding of the court was supported by any credible evidence.

4. SAME—HABEAS CORPUS—EXTRADITION—IDENTITY—EVIDENCE.
   On certiorari to review habeas corpus proceeding, instituted on behalf of one detained for extradition on charge of murder in Georgia, finding of trial judge that accused had been sufficiently identified was supported by credible evidence (Act No. 144, §§ 3, 19, Pub. Acts 1937).

5. SAME—RECORD.
   Review by the Supreme Court on certiorari is circumscribed by the certified record.

6. SAME—RECORD—IRREGULARITIES—EXTRADITION.
   Claim that affidavit in application for extradition did not sufficiently set forth facts and was not properly authenticated by clerk of court of county in which crime is alleged to have been committed was without merit where questions do not appear to have been raised or passed upon in court below, certified record does not contain copies of extradition proceedings, and examination of claimed copies in printed record does not disclose substantial merit to claimed irregularities (Act No. 144, Pub. Acts 1937).

7. EXTRADITION—DEMAND—GOVERNOR—DELEGABLE POWERS.
  On demand for extradition the governor may designate certain officers authorized by statute to investigate and report whether or not the accused should be surrendered (Act No. 144, § 4, Pub. Acts 1937).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 27, 1943. (Docket No. 96, Calendar No. 42,235.) Decided November 29, 1943.

Habeas corpus proceedings by Johnnie B. Riggins to inquire into his detention by the sheriff of Wayne county. Writ dismissed. Petitioner reviews by appeal in the nature of certiorari. Affirmed.

*Lewis, Rowlette & Brown,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, *Joseph L. Bannigan* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

BOYLES, C. J. This is an appeal in the nature of certiorari, upon leave granted, from an order of the circuit court for Wayne county dismissing appellant's petition for the writ of habeas corpus.

Appellant was taken into custody by the sheriff of Wayne county on a fugitive warrant upon requisition by the governor of Georgia, charged with being a fugitive from justice from that State. The executive authority of the State of Georgia presented to the governor of this State a demand for extradition of appellant, showing that an indictment had been returned by a grand jury in Crisp county,

Georgia, charging appellant with the crime of murder. The governor of this State granted the demand and issued an extradition warrant commanding the delivery of appellant to the duly authorized agent of the demanding State. Section 9 of the uniform extradition act (Act No. 144, Pub. Acts 1937 [See Comp. Laws Supp. 1940, § 17512-1—17512-31, Stat. Ann. 1943 Cum. Supp. §§ 28.1285(1)-28.1285(31), inclusive]) provides:

"No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this State, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding State."

On the day following the issuance of the governor's warrant of rendition, appellant filed a petition in the circuit court for Wayne county for a writ of habeas corpus, asserting in general terms that he was "illegally held; illegally denied the right to bail and illegally restrained of his liberty contrary to the Constitution and statutes of the State of Michigan and of the Constitution of the United States of America." The writ was granted, and the sheriff of Wayne county to whom the writ was directed

made return as follows:

"1. That I have the said above named Johnnie Riggings alias Rigan in my custody and under my power and restraint.

"2. That the true cause of such imprisonment and detention and restraint is: The above defendant was arrested by police officers of the city of Detroit, county of Wayne, State of Michigan, by virtue of a criminal warrant issued by the Honorable Arthur E. Gordon, judge of recorder's court for the city of Detroit, charging defendant with being a fugitive from justice, having heretofore fled from the State of Georgia, and being charged with the crime of murder. Thereafter, on the 18th day of September, A. D. 1942, an extradition warrant for the said defendant was issued by the Honorable Murray D. Van Wagoner, governor of the State of Michigan, by virtue of which warrant defendant is now held in custody.

"3. All of the papers in this matter appear to be valid and regular upon their face."

Thereupon a hearing on the issues involved was held before a circuit judge for Wayne county. While our record of the hearing fails to state what issues were raised, we assume from the testimony taken that the issue was the question of identity of the defendant. Detective Lieutenant Rose, a member of the Detroit police department, was sworn and testified:

"*Q.* When you had the petitioner in the homicide squad, did you ask him whether he was Johnny Riggins?

"*A.* I did, because at the time he was arrested, he was going under the name of Jimmy Mitchell.

"*Q.* Did he admit to you he was?  *  *  *

"*A.* He stated his name is Jimmy Mitchell, and that his right name was John B. Riggins, and he left

Cordell, Georgia, on December 28, 1937, and has been in Detroit shortly after; or from there he went to Atlanta, Georgia, and from Atlanta, Georgia, he came to Detroit and has been working here about five years under the name of James Mitchell. * * *

"*Q.* Lieutenant, did he tell you how he spelled his name?

"*A.* Yes, R-e-g-a-n.

"*Q.* R-e-g-a-n.

"*A.* That's right.

"*Q.* So that he told you his name was John Regan, R-e-g-a-n?

"*A.* That's right."

The sheriff of Crisp county, Georgia, was sworn and testified that he had been sheriff of that county 16 years, that he knew the petitioner, Johnnie Riggins, had known him 12 or 15 years, that he (Riggins) lived in Cordell, the county seat of Crisp county, that he was working on a farm about three miles from town. He testified:

"*Q.* Is this petitioner, Johnny Riggins, wanted in your county to answer to a charge of murder?

"*A.* He is. * * *

"*Q.* Did you know him as Johnny Riggins or John Regan?

"*A.* Known him as John B. Regan.

"*Q.* John B. Regan?

"*A.* Johnny B. they call him.

"*Q.* You brought the papers here from Georgia, didn't you?

"*A.* I did.

"*Q.* And in those papers there you have the name the person you want is Johnny B. Riggins?

"*A.* That's the way we spell it down there."

Under the uniform extradition act, the accused may raise the question of identity—that he is not the same person as the one charged with the crime

in the demanding State. If he is not, it follows that he cannot be held as a fugitive from justice. But his guilt or innocence cannot be inquired into. That issue is for trial in the courts of the demanding State. Section 19 of the uniform extradition act (Comp. Laws Supp. 1940, § 17512-19, Stat. Ann. 1943 Cum. Supp. § 28.1285[19]) provides:

"The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

The circuit judge, in dismissing the writ of habeas corpus, concluded that appellant had been sufficiently identified as Johnnie B. Riggins, fugitive from justice from the State of Georgia.

"On certiorari from denial of habeas corpus, the Supreme Court does not pass upon the weight of the evidence but examines the evidence to note whether the finding of the court was supported by any credible evidence." *In re Petition of Molisak* (syllabus), 291 Mich. 46.

The finding of the court was supported by credible evidence.

Appellant now claims that the circuit judge erred in failing to find that an affidavit in the application for extradition did not sufficiently set forth facts, and also erred in finding there was proper authentication by the clerk of the superior court of Crisp county, Georgia. We are unable to find from the record that these questions were raised or passed upon in the court below. The printed record before us does not conform to the settled record as certified

to by the circuit judge and filed in this court, and our review is circumscribed by the certified record. The certified record does not contain anything purporting to be copies of the extradition proceedings. However, we have examined the claimed copies in the printed record and do not find any substantial merit in appellant's claim of irregularity.

Appellant also now seeks to raise the issue (apparently not presented below) that he did not have a hearing before the governor on the demand for extradition. There is nothing in the record to substantiate this assertion except an unsupported statement of a claim that an assistant attorney general was designated to act for and report to the governor. There is no claim that the extradition warrant was not signed by the governor. In this connection, section 4 of the uniform extradition act (Comp. Laws Supp. 1940, § 17512-4, Stat. Ann. 1943 Cum. Supp. § 28.1285[4]) provides:

"When a demand shall be made upon the governor of this State by the executive authority of another State for the surrender of a person so charged with crime, the governor may call upon the attorney general or any prosecuting officer in this State to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered."

The order of this court staying proceedings on the extradition warrant is rescinded, and the dismissal of the writ of habeas corpus affirmed.

CHANDLER, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.