WILLIN *v.* SHERIFF OF WICOMICO COUNTY
MOORE *v.* SHERIFF OF WICOMICO COUNTY
(Two Appeals In One Record)

[H. C. Nos. 28, 29, October Term, 1952.]

*Decided March 13, 1953.*

Before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

HENDERSON, J., delivered the opinion of the Court.

These are applications for leave to appeal from refusal of the writ of *habeas corpus,* in the identical cases of two persons held under warrants of rendition issued by the Governor of Maryland upon extradition warrants from the State of Delaware. Petitioners had been convicted of robbery and sentenced to prison in Delaware, but escaped and were apprehended by the Sheriff of Caroline County, in cooperation with the Maryland State Police, on warrants issued by a trial magistrate, charging flight from justice in Delaware. Upon their refusal to waive extradition, a hearing was held by an Assistant Attorney General, and on December 18, 1952, the Governor issued a warrant of rendition. On the same day the petitioners were brought before the Circuit Court for Wicomico County, pursuant to section 24, Article 41, Code of 1951, and requested time to test the legality of the arrest, which was granted. On December 22, 1952, they petitioned for *habeas corpus,* and were granted a hearing before Judge E. Dale Adkins. From an order remanding them to the custody of the Sheriff, for delivery to the Delaware authorities, they have applied for leave to appeal. *State ex rel Gildar v. Kriss,* 191 Md. 568, 62 A. 2d 568. They contend (1) that they were not served with any warrants at the time of their initial arrest in Maryland, (2) that they were not taken before any Judge before being taken before the Governor for hearing, (3) that at the hearing before the Assistant Attorney General no witnesses from the State of Delaware appeared, (4) that there was no testimony at that hearing to show that the crime of escape had been committed, or that the prisoners were the persons accused of said crime, (5) that the trial judge erred in admitting evidence at the *habeas corpus* hearing as to their identity and in declining to order their release. It may be noted that there is no contention that the extradition papers were not in proper form.

The first two contentions are without merit. Judge Adkins, in the opinion filed, stated as a fact that warrants

were issued by the trial magistrate and that the petitioners refused to waive extradition. The procedure outlined in Sections 27 and 28, Article 41, Code of 1951, was evidently followed. If there was any irregularity, it would not necessarily be fatal in the present case. Cf. *Johnson v. Warden, Md. Penitentiary,* 200 Md. 654, 90 A. 2d 221. The matter to be tested is not the legality of a previous arrest, but the legality of the arrest under the warrant of rendition. Such a warrant is *prima facie* sufficient to justify the arrest of the alleged fugitive and his delivery to the agent of the demanding state. *Audler v. Kriss,* 197 Md. 362, 364, 79 A. 2d 391, 393.

The Governor is authorized by Section 18, Article 41, Code of 1951, to call upon the Attorney General to assist him in investigating demands made upon him, and advise him whether the person demanded should be surrendered. No particular form of inquiry is prescribed. It has been held that the person demanded has no constitutional right to an executive hearing. *Ex Parte Colier,* 140 N. J. Eq., 469, 55 A. 2d 29, *certiorari* denied, *Colier v. Meyer,* 333 U. S. 829, 68 S. Ct. 416, 92 L. Ed. 1114. Since the warrant is not in the record, we cannot pass upon its recitals, nor can we determine what, if any, evidence was taken, prior to its issuance, but there is no contention that it was not in proper form. In any event, it is perfectly clear that at the *habeas corpus* hearing there was testimony from the Deputy Warden of Sussex Prison, who positively identified the petitioners as the same persons charged in the warrant with having escaped. The petitioners did not testify. Even if there had been a disputed issue of fact, they would not be entitled to release where the evidence is merely contradictory. *Audler v. Kriss, supra.* See also *People ex rel. Eveland v. Harrell,* 404 Ill. 81, 87 N. E. 2d 765. The procedure outlined in Section 24, requiring that upon issue of the warrant the prisoner be taken before a judge of a court of record and informed of his right to contest the matter by *habeas corpus,* was obviously designed to provide a judicial hearing to de-

termine whether the accused should be surrendered. See note 84 A. L. R. 337. In the instant case this depended upon a question of identity rather than an alibi, as in the *Audler* case. Section 33, Article 41, Code of 1951, provides that "The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime." *Cf. Lincoln v. State,* 199 Md. 194, 85 A. 2d 765, and *In re Riggins,* 307 Mich. 234, 11 N. W. 2d 871.

*Applications denied, with costs.*