MASON *v.* WARDEN OF BALTIMORE CITY JAIL
SLOWE *v.* WARDEN OF BALTIMORE CITY JAIL

[H. C. Nos. 13, 14, October Term, 1953.]

*Decided November 5, 1953.*

Before SOBELOFF, C. J., DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

COLLINS, J., delivered the opinion of the Court.

Robert Mason, alias Ellis Johnson, and Walter Slowe here apply for leave to prosecute appeals from the refusal of writs of *habeas corpus.* These were filed for release from custody under warrants of rendition issued by the Governor of Maryland upon extradition warrants from the State of North Carolina. Both are charged with the commission of the crime of burglary in Enfield, Halifax County, North Carolina, on December 16, 1952.

Walter Slowe refused to waive extradition and requested a hearing before the Governor. Robert Mason was serving a sixty day sentence, beginning on April 7, 1953, for carrying a concealed weapon when notified by the prison guard that he was wanted by the North Carolina authorities for burglary. Mason's counsel states that Mason was not informed of the extradition. However, he was brought with Slowe to the extradition hearing which was held before Assistant Attorney General Joseph Buscher on May 25, 1953. As a result of

these hearings Governor McKeldin issued warrants of rendition for both Slowe and Mason. Both then petitioned for the writs of *habeas corpus* as provided by Code, 1951, Art. 41, Sec. 24.

Judge Joseph L. Carter, of the Supreme Bench of Baltimore, after a joint hearing, refused to grant the writs and remanded the petitioners to custody. They apply for leave to prosecute appeals from the refusal of the writs. They contend that at the extradition hearing they produced conclusive and overwhelming evidence showing that they were in the State of Maryland on December 16, 1952, and not in the State of North Carolina and further that there has been no identification of the petitioners as the alleged robbers. Code, 1951, Art. 41, Sec. 33. The court may conduct an inquiry into petitioner's allegation that he was not present in the demanding State at the time the alleged crime was committed. Code, 1951, Art. 41, Sec. 24, *supra*; *Audler v. Kriss*, 197 Md. 362; *Willin v. Sheriff of Wicomico County*, 201 Md. 667, 95 A. 2d 87; *State ex rel. Channell v. Murphy*, 202 Md. 650, 96 A. 2d 473. When a warrant is issued by the Governor of the State to which the accused has allegedly fled, a presumption is raised that the accused is the wanted fugitive. This presumption is sufficient, if not rebutted, to justify his arrest and detention and his delivery to the demanding State, unless he shows beyond a reasonable doubt that he is not the fugitive wanted. If he makes such a showing he is entitled to be released. *State ex rel. Zack v. Kriss*, 195 Md. 559; *Audler v. Kriss, supra*; *State ex rel. Channell v. Murphy, supra*; *Young v. Matthews*, 84 U. S. App. D. C. 345, 174 F. 2d 35.

A conflict in the evidence is not sufficient to overcome this presumption. The evidence to overcome such presumption must be overwhelming. *State ex rel. Zack v. Kriss, supra*; *State ex rel. Channel v. Murphy, supra*. The judge below heard conflicting evidence on behalf of petitioners and the State. The record before us in this application contains no transcript of the testimony.

Of course, it is the duty of the petitioners to include in the record whatever they desire this Court to consider. *Sunshine Laundry Corp. v. White,* 197 Md. 582. However, in petitioners' brief is recited their interpretation of the testimony. This brief, which accompanied petitioners' application for leave to appeal, states that a Mr. Hartman testified that on December 16, 1952, Walter Slowe brought his car to Berger Motors in Baltimore for repairs. Mr. George Branch, the proprietor of a confectionary store in Baltimore, testified that Slowe was in his place of business from about 9 P.M. until 12 P. M. on December 16, 1952. However, Mr. Branch fixed the date as December 16th because Slowe told him that he had left his car at Berger Motors "that day". Petitioner Slowe contends that it would have been impossible for him to have left Baltimore after 2 P. M., when he contends he was at Berger Motors, journeyed to Enfield, Halifax County, North Carolina, participated in a robbery at 7:45 P.M. and be back in Baltimore at nine or ten o'clock that same evening. According to petitioners' brief, exhibits were offered showing that at least six hours is required to reach Enfield, North Carolina, from Baltimore. These exhibits do not appear in the record. We have no record of any testimony offered by or for Robert Mason.

On the other hand, Lottie Saunders, produced by the State of North Carolina, testified that she recognized Slowe as being at the scene of the crime on the date alleged when she was "taped up" and placed on the bed, face down. A witness, Mutt Davis, testified that he saw both petitioners in North Carolina the night of the robbery.

Of course, in a *habeas corpus* case the question is not whether the accused is guilty or innocent of the charge brought against him in the demanding State, but the specific question to be determined is whether or not the petitioners have shown beyond a reasonable doubt that they were not in Enfield, Halifax County, North Carolina, on December 16, 1952, the time of the alleged

burglary. In *Zack v. Kriss, supra,* the authorities were reviewed and this Court stated that contradictory evidence as to whether the petitioner was absent from the State on the date charged is not the equivalent of an undisputed fact. "This is not the proper proceeding to try the question of alibi. It has not been clearly and satisfactorily shown beyond a reasonable doubt, to overcome the otherwise controlling presumption, that the appellant is not a fugitive from Pennsylvania. The record here before us discloses 'only a conflict of evidence'. The evidence to overcome the presumption must be overwhelming." *State ex rel. Zack v. Kriss, supra; State ex rel. Channell v. Murphy, supra.* We must conclude that the above language is applicable to the instant cases under the facts.

In their brief, petitioners further contend that, as far as their counsel knows, no opinion or statement has been filed by the trial judge stating the reasons for refusing the writs. They rely on the following from Code, 1951, Article 42, Section 5: "* * * The judge in refusing to issue, or denying, or granting any writ shall file a substantial but succinct statement, either in writing or by dictation to the stenographer for the court records, setting forth the grounds of the application, the questions involved, and the reasons of the Court for the action taken." The Attorney General in his brief states as follows: "We are informed by the Assistant State's Attorney who was present at the hearing on *habeas corpus* that Judge Carter did dictate to the stenographer who was present his reasons for denying the application." If the petitioners desired Judge Carter's statement, apparently they could have obtained it from the stenographer.

*Applications denied, with costs.*