**STATE, Plaintiff, v. MOORE, Defendant.**

Common Pleas Court, Licking County.

No. 42568.   Decided April 11, 1956.

Harold B. Hughes, Asst. City Solicitor, Newark, for plaintiff.
Walter Dunwoody, James M. Schaller, Jr., Newark, for defendant.

## OPINION

By HOLTSBERRY, J.

The appellant was found guilty by a jury in the Municipal Court of Newark, Ohio, for operating a motor vehicle upon the public highway while under the influence of intoxicating liquor. On December 1, 1955, Municipal Judge H. J. Alexander sentenced the defendant to seven days in the County Jail, a fine of $150.00 and costs, and suspended her right to drive for a period of one year.

Appeal is taken to this Court on questions of law and fact. Sec. 2953.02 R. C., provides for the review of a judgment of the Municipal Court entered in a criminal case by the Court of Common Pleas. Since appeals on questions of law and fact, broadly speaking, are at present limited to chancery cases, the jurisdiction conferred on the Common Pleas Court on such appeal would be to dismiss the appeal on motion or sua sponte by the Court, and, thereupon retain the cause as an appeal on questions of law. (City of Toledo, Appellant v. Lowenberg, Appellee, 99 Oh Ap 165.)

Appellant relies on several grounds of error. She first urges that since there was only one witness who testified as to her intoxication, and ten who testified she was not, that the verdict of the jury was contrary to the weight of the evidence and that there was no corroborating testimony.

In Ohio, a jury may convict upon the uncorroborated testimony of a witness except in the particular crimes of treason, seduction, perjury, and sexual intercourse with a pupil. These crimes where corroboration is necessary are so provided by statute. Since the decision in Allen v. State, 10 Oh St 287, it has been established in Ohio that conviction can

be had upon the uncorroborated testimony of even an accomplice, in cases where corroboration is not required by statute, but it has become the settled practice of trial courts to instruct juries to look to the testimony of an accomplice with care, and with such evidence consider all the other evidence of a corroborative nature, if any, and arrive at such conclusion as the entire evidence warrants.

Appellant in this particular claimed error cites the old 1916 **Maranda Case, 94 Oh St 364.** This case has no application to the instant driving while intoxicated case. It is often cited by attorneys in criminal cases who attempt to stretch its application to numerous situations never intended by the Supreme Court. The Maranda case is concerned with confessions and the corpus delecti of a crime. It could be no authority for reversal of a case in a situation where a traffic officer testifies he observed the manner a defendant was driving an automobile on the highway, the circumstances and condition of the person arrested, and the admissions made with respect to the amount of intoxicating drink consumed.

Even though, as appellant contends, numerous persons testified the accused was not intoxicated, it must be remembered that the weight of all the evidence is a question for the jury to determine, and it is their function whether the evidence convinces them of the guilt of the accused beyond a reasonable doubt. In determining weight to be given testimony the jury should take into consideration the interest, if any, of a witness; appearance, conduct and demeanor while on the stand; their apparent fairness and frankness, or feeling of bias or prejudice; the reasonableness or unreasonableness of their testimony, and all the evidence and circumstances tending to corroborate or contradict the testimony. Unless an appellate court can say that the judgment is clearly and manifestly contrary to the evidence there can be no reversal on the weight of the evidence. **(Scaccuto v. State, 118 Oh St 397.)**

Appellant's next assignment is grounded on the claim that the highway patrolman was permitted to use notes to refresh his recollection on direct examination and that defendant's counsel was refused permission to look at and use said notes on cross-examination of the officer. Examination of the record reveals that the highway patrolman at the beginning of his testimony for the State asked if it would be all right for him to refresh his memory with his notes. The court made no answer to this. The City Prosecutor remarked, as shown by the record, to the witness that he could use the notes if necessary to refresh his recollection. Numerous pages of testimony of the officer follow. During cross-examination Attorney Dunwoody, representing the defendant, asked the witness for his notes he refreshed his memory from. The witness then addressed the court that he had not used or looked at his notes and further stated that he had intended at the start to use them but he was not given any permission to use them. The court then remarked that the witness hadn't used any notes in testifying and that since there was an objection to turning over the notes to defense counsel, he would not order the witness to turn over said notes.

Opposite counsel on demand has the right, for the purpose of cross-

examination, to use and inspect papers or memorandum where the witness on the stand uses the same to refresh his memory upon the matters as to which he is testifying, and which do in fact tend to refresh his memory. This right enables the cross-examiner to test the candor and integrity of the witness, and the degree of recollection or bearing the writings and answers tend to have with respect to the testimony. However, where it does not appear that the witness is actually using the papers for the purpose of refreshing his memory and that such do tend to refresh his memory, opposite counsel is not entitled to inspection and use. (State, Appellee, v. Taylor, Appellant, 83 Oh Ap 67.) (Reference is also made for discussion upon the subject of inspection to 28 Ruling Case Law, 596, Section 86; 42 O. Jur., 309, Section 310.) Also see Lovell v. Wentworth, 39 Oh St 641.

In the case of State, Appellee v. Hickman, Appellant, 74 Oh Ap 479, an officer was testifying for the state in a first degree homicide case, and while the jury was looking at photographs the officer was looking through typewritten statements which he had brought from police headquarters. He answered a question that he was looking for the purpose of refreshing his memory. However, later in the testimony he stated that he had not refreshed his memory and had made no statement to the jury from any record he had with him on the witness stand, and that the papers contained no information that would add to the answers of any question he had given. The trial court sustained the objection of counsel for the state and did not permit counsel for defendant to examine the records. The appellate court held that this did not constitute prejudicial error.

Perhaps it could reasonably be inferred that where an officer held notes in his hand and had made some reference to his desire to use them that he had actually used same, but where there is evidence in the record showing that he did not use the notes and further where the grieved attorney does not produce any evidence that he was using them, there could be no inference under the latter situation that he was actually using said notes. There was no actual use by the patrolman in the instant case as shown by the record and therefore this assignment of error is without merit.

Further error is grounded on the claim that the highway patrolman was, over objection, permitted to testify that the accused was under the influence of intoxicating liquors.

The record shows the officer testified as to his experience in intoxication instances and further as to his opportunity to observe and what he did observe with respect to defendant.

When it appears that a law enforcement officer in all probability has had sufficient experience with intoxicated persons to express an opinion as to whether or not the person was under the influence of intoxicating liquor and there was opportunity to observe such person, it is not error for the court to permit such officer to express his opinion to the jury.

Further, exceptions were taken by defendant to the general charge of the court, and particularly the court's remarks on reasonable doubt.

The charge was brief, but all essential elements of the crime were

stated. Ordinarily, the briefer an instruction is, the better it is, providing all essential elements are covered. Needless long charges make it doubtful whether the salient points can be carried in mind by the jury. A charge should be considered in its entirety.

It is provided in §2945.04 R. C., that in charging a jury in a criminal case the trial court shall state the meaning of presumption of innocence and read the definition of reasonable doubt as therein set forth. It was held in **Beck v. State, 129 Oh St 582,** that if the charge on reasonable doubt is substantially in accordance with the code section definition, failure to read the definition as set forth in said section is not reversible error.

Where a court reads the definition of reasonable doubt as contained in §2945.04 R. C., or charges on the same substantially in accordance therewith, it is not prejudicial to a defendant to refuse to charge further on the question of reasonable doubt.

No prejudicial error being found in the charge, this claim of error is without merit.

This Court has, even though not specifically assigned or pointed out, searched the record for "other errors apparent," and finds nothing prejudicial to appellant's having received a fair trial   There is ample credible evidence in the record upon all material elements with respect to the crime charged.

Finding no prejudicial error manifest in the record justifying a reversal, the judgment of the lower court will be affirmed.