KOPRIVICH *v.* WARDEN OF THE BALTIMORE CITY JAIL, ET AL.

[No. 235, September Term, 1963.]

466

*Decided April 29, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Alan M. Resnick* for appellant.

*Stuart H. Rome, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, George J. Helinski* and *Andrew J. Graham, State's Attorney* and *Assistant State's Attorneys,* respectively, *for Baltimore City,* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

This is an appeal from the order of the Baltimore City Court (Cardin, J.) directing the return of the appellant (Nick Koprivich) to the State of Ohio following the denial of his petition for a writ of *habeas corpus* for release from custody under a warrant of rendition issued by the Governor of Maryland after a hearing before him on an extradition warrant issued by the Governor of Ohio.

The appellant was charged with the commission of the crime of burglary in St. Clairesville, Belmont County, Ohio, on November 22, 1961. On appeal it is contended: (i) that the documents produced by the demanding state were improperly admitted as evidence; and (ii) that the appellant met the burden necessary to overcome the presumption that he was a fugitive from justice.

(i)

At the hearing before the lower court, four documents were admitted in evidence on behalf of the demanding state over the objection of the appellant. These were: (1) the indictment charging the appellant with the crime for which his extradition was sought; (2) the warrant of arrest together with the affidavit on which it was based; (3) a certified copy of the Grand Jury testimony; and (4) a photograph and an affidavit identifying the appellant as the person charged in the indictment.

In essence the appellant contends that the documentary evidence was inadmissible because the indictment was based on the testimony of an accomplice and because the affidavit accompanying the photograph was made by the same accomplice. But he failed to point out any rule of evidence which would preclude the admission of such evidence for the reasons assigned. Actually the rule is otherwise. Ordinarily, the strictness of the trial rules of evidence are not applicable in extradition proceedings. 1 *Wigmore on Evidence* (3rd ed.), § 4. See also *Munsey v. Clough,* 196 U. S. 364 (1905).

The appellant, in claiming that the documentary evidence should have been excluded, further contends that since he could not be convicted on the uncorroborated testimony of an accomplice, the indictment or any other document procured as the result of such testimony would be defective and therefore inadmissible. But, even if it is assumed, without deciding, that the contention might be valid under some circumstances, it is clearly without validity in this case. While a trial court in Ohio may, in its discretion, advise a jury not to convict of felony on the testimony of an accomplice unless there is corroboration, *State v. Neal,* 117 N. E. 2d 622 (Ct. of App. Ohio 1954), the general rule of law in Ohio is that an accused may be convicted of any crime (except those specified by statute and burglary is not one of them) on the uncorroborated testimony of an accomplice. *Allen v. State,* 10 Ohio St. 287 (1859) ; *State v. Moore,* 139 N. E. 2d 381 (Ct. of Com. Pleas. Ohio 1956) ; *State v. Harmon,* 158 N. E. 2d 406 (Ct. of App. Ohio 1958). Furthermore, it is generally held that the validity of an indictment, affidavit or other pleading is a matter for the demanding state, and not the asylum state, to determine. See *Downey v. Hale,* 67 F. 2d 208 (1st Cir. 1933), *cert. den.* 291 U. S. 662 (1934) ; 35 C.J.S.; *Extradition,* § 14(6).

The documentary evidence was properly admitted.

### (ii)

The primary contention of the appellant is that he was not in the State of Ohio at the time of the commission of the crime with which he is charged.

It is true, of course, that an accused held under an extradi-

tion warrant is entitled to a writ of *habeas corpus* to establish, if he can, that he is not a fugitive from justice. See the annotations in 51 A.L.R. 797 and 61 A.L.R. 715. See also Code (1957), Art. 41, § 25. But in a case such as this, where the extradition warrant is in proper form and the circumstances are such as to indicate that the alleged fugitive is the person wanted, he should not be discharged under the writ unless it is proved beyond a reasonable doubt that he was not in the demanding state at the time the crime was committed. *Audler v. Kriss,* 197 Md. 362, 79 A. 2d 391 (1951). Moreover, an extradition hearing under a writ of *habeas corpus* is not a proceeding in which an alibi (or other question of fact affecting the guilt or innocence of the accused except insofar as his identity is involved) may be inquired into. Art. 41, § 34. *Lincoln v. State,* 199 Md. 194, 85 A. 2d 765 (1952) ; *Audler v. Kriss, supra.*

We have consistently held that the finding by the chief executive of the asylum state that the person whose extradition is demanded is a fugitive from justice and the issuance of the warrant of rendition "raises a presumption that the accused is the fugitive wanted, sufficient if unrebutted, to justify his arrest and detention and his delivery to the agent of the demanding state; unless he shows beyond a reasonable doubt that he was not a fugitive; if he does, he is entitled to his release." *State ex rel. Channell v. Murphy,* 202 Md. 650, 651, 96 A. 2d 473 (1953), *cert. den.* 346 U. S. 824 (1953). Mere contradictory evidence on the question of presence in or absence from the state demanding the accused is not sufficient to overcome the presumption. *Mason and Slowe v. Warden of Baltimore City Jail,* 203 Md. 659, 99 A. 2d 739 (1953) ; *State ex rel. Zack v. Kriss,* 195 Md. 559, 74 A. 2d 25 (1950) ; *South Carolina v. Bailey,* 289 U. S. 412 (1933).

Including the appellant, five witnesses testified in his behalf. Three of them testified to the effect that the appellant was in Baltimore City, or in the vicinity thereof, between 5:00 and 6:30 p.m. on the evening of November 22, 1961, and in the morning and late afternoon of the next day. One of them testified that he sold the appellant an automobile which could not have negotiated a trip from Baltimore to St. Clairesville. The

appellant testified that, although he had known the owner of the burglarized premises for twenty-five years, had painted his house approximately ten years before the burglary and had last seen him three or four years ago, he had not been in St. Clairesville for approximately two or three years and denied having been there on November 22, 1961, the date of the crime. On the other hand, the demanding state produced as a witness the prosecuting attorney of Belmont County, who introduced into evidence the documents hereinbefore referred to, including a transcript of the testimony of the accomplice (John Palmer) before the Grand Jury of Belmont County and the photograph and affidavit identifying the appellant as one of the persons who participated in the burglary. In his testimony before the Grand Jury the accomplice stated that he and the appellant, along with two other participants, burglarized the home of Geno Sessi on "the night before Thanksgiving" (*i.e.*, in the early evening of November 22, 1961); that the appellant made several telephone calls prior to the burglary but the accomplice did not hear what he said; that the appellant knew the exact location of the Sessi home; and that when the appellant left the other participants in the crime around 12:00 or 1:00 o'clock of the same night, he was uncertain as to whether he was going to Baltimore.

Clearly the evidence produced at the *habeas corpus* hearing was not such as showed beyond a reasonable doubt that the otherwise controlling presumption had been overcome. The record presents "only a conflict of evidence" as to whether the appellant was in St. Clairesville, Ohio, or Baltimore, Maryland, on the evening of November 22, 1961.

We hold that the order directing the return of the appellant to the State of Ohio was proper under the circumstances.

*Order affirmed; the appellant to pay the costs.*