## HAYNES *v.* SHERIFF OF WASHINGTON COUNTY

[No. 199, September Term, 1968.]

The cause was argued before HAMMOND, C. J., and MAR-
BURY, MCWILLIAMS, FINAN and SMITH, JJ.

*Howard W. Gilbert, Jr.,* with whom were *Paul Ottinger* and
*Ottinger, Mackley & Gilbert* on the brief, for appellant.

*George W. Liebmann, Assistant Attorney General,* with whom
was *Francis B. Burch, Attorney General,* on the brief, for ap-
pellee.

MARBURY, J., delivered the opinion of the Court.

Harry Frank Haynes has appealed to this Court from the de-
cision of the Circuit Court for Washington County denying his
petition for a writ of habeas corpus, which in effect affirmed an

extradition order of the Governor of Maryland permitting the transporting of the appellant to the Commonwealth of Virginia for trial on a charge of fraudulently removing from Virginia mortgaged property in derogation of a lienholder's interest.

The appellant was indicted by the grand jury for Loudoun County, Virginia, during its December 1967 term for fraudulently converting thirty-two head of Angus cattle, including two Angus bulls, under lien and removing them from the state without proper consent. Following this indictment Haynes was arrested in Maryland on a fugitive warrant on January 26, 1968, and refused to waive extradition. On February 26, 1968, the Governor of Maryland advised appellant's counsel that a hearing was scheduled for March 11, 1968, and further notified counsel to file "within five days after receipt of the notice of hearing a statement, in writing setting forth the grounds of defenses upon which the extradition shall be contested." Haynes' counsel filed the requested statement by letter dated March 1, 1968, and asserted as grounds only defects in the indictment and the fact that Haynes was serving a suspended sentence imposed by the Circuit Court for Howard County in another matter. The March 11, 1968, hearing was postponed and rescheduled for April 18, 1968, at the request of appellant's attorney, who believed that the indictment was defective in that it stated merely that the alleged crime had occurred some time during the year 1966.

At the beginning of the hearing held on April 18, 1968, before the Governor's representative, Assistant Attorney General Buscher, the appellant and his counsel were advised that an amended indictment which alleged that the offense charged took place between May 19, 1966, and July 1, 1966, had been filed in the Loudoun County, Virginia, Court on April 11, 1968. At this time, counsel for Haynes requested another continuance which was not granted and the hearing proceeded. The record does not indicate that the appellant testified or even proffered any testimony indicating that he was absent from Virginia during the six week period in question or even during any portion of it. On April 18, the Governor of Maryland issued his warrant of extradition, directing the surrender of Haynes to the State of Virginia.

On April 19, 1968, the appellant filed a petition for a writ of habeas corpus in the Circuit Court for Washington County. After conducting a brief hearing on April 23, 1968, the lower court continued the proceeding and ordered that Haynes be released under bond. Two months after Haynes and his counsel had knowledge of the amended indictment, another hearing was held before the lower court on June 17, 1968. The sole evidence adduced by Haynes at this hearing was the testimony of Mr. Buscher as to the conduct of the extradition hearing before him. Appellant did not testify or adduce any evidence on his behalf as to his absence from Virginia between May 19 and July 1, 1966. After the hearing the lower court entered the order here appealed from denying Haynes' petition for a writ of habeas corpus.

On appeal, Haynes argues that he was not afforded an opportunity to show either at the hearing before the governor's representative or at the hearing before the Circuit Court for Washington County that he was not in the Commonwealth of Virginia at the time of the alleged offense for which Virginia wishes to try him.

The hearing conducted before the governor's representative was pursuant to Code (1965 Repl. Vol.), Article 41, Section 19, which provides:

> "When a demand shall be made upon the Governor of this State by the executive authority of another state for the surrender of a person so charged with crime, the Governor may call upon the Attorney General or any prosecuting officer in this State to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered."

However, as conceded by the appellant's counsel at the habeas corpus proceedings, "the law is that the Governor is not required to grant an extradition hearing." As this Court stated in *Willin v. Sheriff,* 201 Md. 667, 669, 95 A. 2d 87, 89: "No particular form of inquiry is prescribed. It has been held that the person demanded has no constitutional right to an executive hearing. *Ex parte Colier,* 140 N.J.Eq. 469, 55 A. 2d 29,

*certiorari* denied, *Colier v. Meyer,* 333 U. S. 829, 68 S. Ct. 416, 92 L. Ed. 1114." Appellant maintains that once he was granted a hearing that he was entitled to know with reasonable certainty when he was supposed to have committed the crime. Although it is correct that the extradition officers undertook to secure a particularization of the original indictment from the Virginia authorities, it is apparent that the original indictment which alleged that the act took place "during the year 1966" was sufficient under Virginia law. Virginia Code (1960 Repl. Vol.), Sec. 19.1-172, provides in part: "No indictment or other accusation shall be quashed or deemed invalid: . . . . (6) For omitting to state, or stating imperfectly, the time at which the offense was committed when time is not the essence of the offense . . . ." See *Harris v. Commonwealth,* 185 Va. 26, 37 S.E.2d 868; *Woods v. Commonwealth,* 140 Va. 491, 124 S. E. 458; *Clopton v. Commonwealth,* 109 Va. 813, 63 S. E. 1022. The absence of a date in an indictment does not defeat the validity of a demand for extradition where the indictment is valid under the laws of the demanding state. See *People v. Doherty,* 247 N.Y.S.2d 759, *rev'd on other grounds,* 251 N.Y.S.2d 596, *State v. Phillips,* 62 N.J.Super. 70, 162 A. 2d 113, *aff'd,* 34 N. J. 63, 167 A. 2d 175.

Appellant made no effort to testify or proffer any evidence to show that he was absent from Virginia during the six week period or even during a portion of it, and he cannot complain that he was wrongfully prevented from doing so since (1) he had no right to a hearing before the governor, (2) the indictment in its unelaborated form and at least in its amended form was a sufficient basis for the issuance of the extradition warrant, and (3) even if there were any irregularities, they could have been cured at the subsequent habeas corpus hearing.

At the time of his habeas corpus hearing before the Circuit Court for Washington County, the appellant and his counsel had been aware of the dates alleged in the amended indictment for almost two months, yet not a scintilla of evidence was offered to show his absence from Virginia during any part of the six week period alleged in the amended indictment. The appellant's only explanation for such failure is that "to require a man to show his absence from Virginia for so long a period of time

flies in the face of both reason and equity." Even if this proposition were correct, Haynes would not be excused from coming forward with *some* evidence of absence from Virginia during some portion of the six weeks since the burden of showing non-presence was upon the appellant. See *Johnson v. Warden,* 244 Md. 384, 223 A. 2d 584; *Koprivich v. Warden,* 234 Md. 465, 200 A. 2d 49; *State v. Murphy,* 202 Md. 650, 96 A. 2d 473, *cert. denied,* 346 U. S. 824; *Cohen v. Warden, Montgomery Co. v. Deten. Ctr., Rockville, Md.,* 252 F. Supp. 666 (D. Md.). However, we find that given the nature of the offense, an allegation that the act took place during a six week period was not improper. It is questionable that the removal of thirty-two head of cattle from Virginia was accomplished instantaneously or that their disappearance would be discovered as expeditiously as to allow the state to fix a date or dates with greater precision. In any event as this Court stated in *State v. Kriss,* 191 Md. 568, 575-76, 62 A. 2d 568, 570: "In cases of fugitives from justice, under the Constitution of the United States, questions as to the sufficiency of the indictment are for the courts of the demanding state to determine. *Drew v. Thaw,* 235 U. S. 432, 35 S. Ct. 137, 50 L. Ed. 302."

For the above reasons the order of the Circuit Court for Washington County denying the writ of habeas corpus must be affirmed.

*Order affirmed; Costs to be paid by appellant.*