## BOYD H. CAMPBELL *v.* STATE OF MARYLAND

[No. 210, September Term, 1970.]

*Decided November 24, 1970.*

The cause was submitted to ANDERSON, MORTON, and MOYLAN, JJ.

*Sherman W. West* for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's*

County; and *Raymond F. Ciarrocchi, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, Boyd H. Campbell, is sought by Virginia authorities as a fugitive charged with having committed a crime in that State. After a hearing upon a requisition issued by the Governor of Virginia, the Governor of Maryland issued a warrant of rendition ordering appellant to be delivered to the appropriate authorities of the Commonwealth of Virginia to stand trial for a statutory burglary allegedly committed by him on May 9, 1969. Pursuant to Md. Code, Art. 41, § 25, appellant was taken before Judge W. Harvey Beardmore of the Circuit Court for Anne Arundel County and advised of his right to test the legality of his arrest under the warrant of rendition. Thereafter, appellant filed a petition for a writ of habeas corpus. A hearing on that petition was held before Judge James H. Taylor sitting in the Circuit Court for Prince George's County, the county in which appellant had been arrested originally. After a full hearing, Judge Taylor denied appellant's petition finding that appellant was "legally detained and is subject to surrender to the Virginia authorities." The denial of the petition is the subject of the present appeal. See Ch. 99, *Laws of Maryland,* 1970.

The arguments advanced by appellant in support of his contention that his arrest under the Governor's warrant of rendition was illegal are as follows: (1) "The evidence produced proved that the appellant was not a fugitive from justice and that he was not in the demanding state (Virginia) at the time of the commission of the alleged offense"; (2) "The affidavit filed herein in support of the fugitive warrant failed to satisfy the requirements of Article 41, Section 18, of the Annotated Code of Maryland"; (3) "The alleged 'affidavit' was not sworn to before a Magistrate or Justice of the Peace as required by

Article 41, Section 18, of the Annotated Code of Maryland, thus rendering the demand insufficient to warrant extradition of the appellant to the demanding state"; and (4) "The trial court committed reversible error in refusing to allow into evidence the alleged stolen currency."

## I.

At the hearing below, appellant sought to show that he was not in Virginia at the time of the commission of the crime with which he is charged. He testified that although he was the owner of a "1969 DeVille Cadillac Sedan", he had not seen the car since the eighth or ninth of May, 1969, when it was reported stolen. According to appellant both the registration card for the Cadillac and his driver's license were kept in the glove compartment of the car. Additionally, he testified that he had not committed the crime charged against him, had not been driving his car in Virginia on May 9, 1969, and, in fact, had not been in Virginia at all on that date.

Trooper James Baird of the Virginia State Police testified that on May 9, 1969, he received a radio message that a home in Darlington, Virginia, had been burglarized and that a late model wine-colored Cadillac occupied by two white males had been seen leaving the scene of the burglary. According to the trooper, he stopped a 1969 Cadillac of that description about 15 miles north of the burglarized home. He asked the driver of the vehicle, whom he identified as the appellant, for his operator's license and the driver took from his wallet "a North Carolina operator's license, issued in the name of Boyd Henson Campbell."

The driver of the Cadillac then entered the police cruiser with Trooper Baird where the two men remained "two or three minutes while the dome light was on." Appellant was instructed to return to the Cadillac, drive to the next cutoff, turn around and proceed to the truck weighing station to which Trooper Baird was assigned. According to the trooper, when appellant got in the Cad-

illac, "he took off at a high rate of speed into the State of Maryland, and I pursued him for approximately eight miles before the car pulled off the side of the road and stopped behind a fruit stand." There, Trooper Baird captured the second occupant of the car but appellant escaped on foot. A pillowcase containing articles taken during the burglary was found where appellant had been seen running from the car. When asked whether he was absolutely sure that the appellant was the man driving the car in Virginia on May 9, 1969, Trooper Baird stated that there was no question in his mind concerning his identification of appellant.

Further testimony produced at the hearing established that the victim of the burglary identified a $100 bill found in appellant's possession at the time of his arrest as having been part of the money stolen from his home.

The law with respect to habeas corpus proceedings in this field was summarized by Judge William J. McWilliams, speaking for the Court of Appeals in *Solomon v. Warden*, 256 Md. 297, 300-301:

> "The issuance of a warrant of rendition by the Governor of the asylum state raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest, detention and delivery to the demanding state. *See, e.g., Johnson v. Warden*, 244 Md. 384, 388 (1966) ; *Koprivich v. Warden*, 234 Md. 465, 468-69 (1964), and the cases therein cited. In order to rebut the presumption the accused must prove *beyond a reasonable doubt* either that he was not present in the demanding state at the time of the alleged offense or that he was not the person named in the warrant, and upon proof of the one or the other he is entitled to be released. *Id*. Moreover, in this kind of habeas corpus proceeding '[t]he guilt or innocence of the accused may not be inquired into * * * except as it may be involved in identifying the person

* * * charged with the crime.' Code, Art. 41, § 34 (1965 Repl. Vol.). It should be noted also that the presumption must be rebutted by 'overwhelming' evidence, *Mason v. Warden,* 203 Md. 659, 661 (1953), thus '[m]ere contradictory evidence on the question of presence in or absence from the state demanding the accused is not sufficient * * *.' *Koprivich v. Warden, supra,* at 469."

Although the testimony of appellant furnishes the basis for "contradictory evidence", it is apparent that his mere bald statements do not constitute such "overwhelming evidence" as would overcome the presumption created by the issuance of the Governor's warrant of rendition that the appellant is the fugitive sought by the Commonwealth of Virginia. We agree with the lower court that appellant "failed to sustain the burden required of him as petitioner." See *Shields v. State,* 257 Md. 384; *Koprivich v. Warden, supra; Audler v. Kriss,* 197 Md. 362.

## II.

In urging that the affidavit filed in support of Virginia's demand for his extradition did not satisfy the requirements of Md. Code, Art. 41, § 18, appellant argues that the affiant, the Commonwealth Attorney for Accomack County, Virginia, "had no personal knowledge of the matters alleged in his affidavit thus rendering that affidavit false, or at best, a recital of pure hearsay obtained from unknown sources of unknown reliability."

Md. Code, Art. 41, § 18, provides in pertinent part as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied * * * by

> a copy of an affidavit made before a justice of the peace or magistrate there, together with a copy of any warrant which was issued thereupon; * * *. The indictment, information, or affidavit made before the magistrate or justice of the peace must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

An examination of the record before us discloses that the demand for appellant's extradition by the Governor of Virginia meets the requirements of this section. The demand includes an affidavit by the Commonwealth Attorney, acknowledged by Judge Ben T. Gunter, Jr., as having been subscribed and sworn to before him, stating that: "Boyd Henson Campbell did feloniously commit statutory burglary in violation of Code of Virginia, Section 18.1-89 (1950), as amended." A copy of an arrest warrant issued as a result of the affidavit is also included in the demand. Moreover, the demand for appellant's extradition contains a statement by the Governor of Virginia authenticating the affidavit and stating that appellant has fled from Virginia.

The affidavit made by the Commonwealth Attorney in this case is in proper form in that it "substantially charges" appellant with having committed a crime under the laws of the State of Virginia as required by Md. Code, Art. 41, § 18.

The fact that the affidavit may have been predicated upon hearsay evidence, rather than the personal knowledge of the affiant, is of no avail to the appellant here for "it is generally held that the validity of an indictment, affidavit or other pleading is a matter for the demanding state, and not the asylum state, to determine. See *Downey v. Hale*, 67 F. 2d 208 (1st Cir. 1933), *cert. den.* 291 U. S. 662 (1934) ; 35 C.J.S., Extradition, § 14 (6)." *Koprivich*

*v. Warden,* 234 Md. 465, 468. Moreover, the strictness of the trial rules of evidence are ordinarily not applicable in extradition proceedings. See *Koprivich v. Warden, supra.* Thus, we find no merit in appellant's contention that "the test applied to affidavits accompanying applications for search warrants should also be applied here." The Commonwealth Attorney did not testify below and the record is silent as to the source of his information to support the assertion in his affidavit: "In my opinion, I have sufficient evidence to secure the conviction of said fugitive." If we assume that his affidavit was based entirely upon hearsay evidence, it is clear that it was executed in the course of his official duties and under the circumstances here, we find no violation of appellant's rights. See *Johnson v. Warden,* 244 Md. 384, 388.

### III.

It is further argued that the demand by the Governor of Virginia for appellant's extradition failed to meet the requirements of Md. Code, Art. 41, § 18, in that the affidavit by the Commonwealth Attorney "was sworn to before a Circuit Court Judge" rather than before a "magistrate or justice of the peace." Assuming, without deciding, that the facts alleged by appellant would constitute a violation of this section, we find that the affidavit here was, in fact, sworn to before a "magistrate or justice of the peace" within the meaning of the statute.

Title 16, § 16.1-36 of the Code of Virginia (1950) establishes a County Court for each county in Virginia. These County Courts are designated as "courts not of record" in that they are below the jurisdictional level of the circuit courts set up under Code of Virginia, Title 17, § 17-117. See Code of Virginia, Title 16, § 16.1-5. Each judge of a county court is designated by statute to be "a conservator of the peace within the limits of the territory in which he serves" and is given specific statutory authority to issue fugitive warrants, take affidavits and administer oaths. Code of Virginia, Title 16, §§ 16.1-27 — 16.1-29.

Inasmuch as the record discloses that Judge Gunter was a "duly appointed and qualified Judge of the County Court of the County of Accomack at the time the said affidavit was made", we find that the provisions of Md. Code, Art. 41, § 18, have been satisfied. Appellant's contention is without merit. See 35 C.J.S., Extradition, § 14 (4).

## IV.

Appellant argues that the judge below "committed reversible error" in refusing to allow into evidence the entire $5,400 found in appellant's possession at the time of his arrest. We disagree. During the hearing on appellant's habeas corpus petition, Judge Taylor allowed into evidence a photostatic copy of the $100 bill specifically identified by the victim of the crime, refusing to admit the remainder of the bills on the grounds that they were irrelevant since the victim could not identify them. Appellant, however, argues that since some of the bills not identified by the victim had markings on them similar to the marking identified on the bill admitted into evidence, a comparison of all the bills "would weigh heavily" on the victim's credibility on the point of identification.

Ordinarily, the reception or rejection of evidence in a criminal trial is a matter within the sound discretion of the trial judge and such a ruling will not be disturbed on appeal unless a clear abuse of that discretion is shown. *Johnson v. State*, 9 Md. App. 327. Moreover, as previously indicated, it is well established that in extradition proceedings the strict rules of evidence do not apply. *Shields v. State, supra,* at 392; *Koprivich v. State, supra,* at 468. Applying these principles to the case before us, we find no error in the rejection of the evidence. The bills could not be identified by the victim and, therefore, would have had little, if any, relevance to the issue of appellant's presence in Virginia. Even if there were error, it was harmless in light of Trooper Baird's positive identification of appellant as having been in Virginia at the time of the commission of the crime. *Shields v. State, supra,* at 389-392.

We find all the contentions raised by appellant to be without merit and accordingly, we affirm the lower court's order remanding appellant to the Virginia authorities.

*Order affirmed; the appellant to pay the costs.*