STATE OF MONTANA ex rel. NEIL H. HART, Relator, *v.*
The DISTRICT COURT of the THIRTEENTH JUDICIAL
DISTRICT of the State of Montana, in and for the
COUNTY OF YELLOWSTONE, and the Honorable
ROBERT H. WILSON, as Judge thereof, Respondents.

No. 12068.
Submitted May 12, 1971.
Decided May 20, 1971.
485 P.2d 698.

Arnold A. Berger, argued, Billings, for relator.
G. Todd Baugh, argued, Billings, for respondents.

PER CURIAM:

Original proceeding. Relator Neil H. Hart petitions this Court for an appropriate writ to permit him to make a showing in the respondent district court that he is not and was not a fugitive from Wyoming justice.

From the record it appears that on March 10, 1971, relator was arrested at Billings, Montana, upon a warrant issued by the Governor of this state upon request from the Governor of Wyoming, the extradition papers asserting that relator stands charg-

ed with the crime of grand larceny, committed in the state of Wyoming, that he had fled from Wyoming and was a fugitive from the justice thereof.

On March 10, 1971, relator and his counsel appeared before the district court at Billings and requested an extension of time for hearing a petition for a writ of habeas corpus and this was granted. Relator then petitioned for such writ of habeas corpus and therein contended that the Governor of this state had not complied with the provisions of section 94-501-4, R.C.M. 1947, prior to the issuance of the warrant in that no hearing was held; that by reason thereof the arrest of petitioner was and is unlawful and illegal. The writ of habeas corpus was issued and the hearing thereon set for April 22, 1971. Return thereto was filed contending that the requisition papers were in conformity with the applicable statutes; that the Governor's warrant was properly issued; that petitioner's arrest was and is lawful.

Among the supporting papers annexed to the requisition in the extradition papers is the affidavit of the complaining witness setting forth the contended facts as to the crime charged against relator in Wyoming. It is there averred that at approximately 12.05 p.m. on February 11, 1971, two witnesses observed a man take at least two fur coats and run from a store in Sheridan, Wyoming; that the man was identified by them as Neil H. Hart; that the coats were of the value of $2,325.00; that said offense constitutes a felony, grand larceny, under the laws of Wyoming.

At the habeas corpus hearing relator was sworn and testified that at 9:00 a.m. on February 11, 1971, he was at the city hall in Billings, Montana, which is across the street from the courthouse, paying a traffic ticket that he had received. The deputy county attorney objected to this line of questioning and the objection was sustained by the court. Relator then made an offer of proof to show by the relator Hart that at 9:00 a.m. he was in the police court at Billings, Montana, and while in such court received a fine for a traffic offense and paid such fine in the amount of $18.00. Verification of this would be made by a clerk

of the police court. Relator then would further testify that from the police court he got into his pickup, a green Chevrolet, and went to the home of one Gus Aipperspach and borrowed $20 from said Aipperspach at the approximate hour of 10:00 a.m., which will be verified by Aipperspach as to the time and also that said witness is acquainted with relator's pickup and recognized it in front of the house; that Hart then got in his pickup and left. Hart will then testify that he went a distance of approximately 320 miles to Browning, Montana, and that in the same pickup he went to a ranch where he met a rancher and his wife and they executed at the approximate hour of 3:00 p.m. a contract for the purchase and sale of some cattle. That thereafter and at the approximate hour of 4:00 p.m. he met with Rowland Harper, who is the government brand inspector for the Blackfoot Tribe, with reference to the inspection of the cattle to be sold. Further, that by the testimony of the rancher, his wife, and the brand inspector Hart will prove he was in Browning, Montana, between 3:00 and 4:00 p.m.

Following argument to the court, the court observed that it must follow the statute, section 94-501-20, R.C.M.1947, which reads:

"*Guilt or innocence of accused, when inquired into.* The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the governor or in any proceeding after the demand for extradition accompanied by a charge of crime in legal form as above provided shall have been presented to the governor, except as it may be involved in identifying the person held as the person charged with the crime."

The court, on this authority, denied the offer of proof. Upon this application to this Court for an appropriate writ the county attorney's office of Yellowstone County appears by counsel and such counsel and counsel for the relator have stipulated that the matter be heard and decided by this Court without requiring the issuance of an order to show cause, and both counsel were heard in oral argument and the matter submitted.

Relator here contends that this quotation from 39 C.J.S., Habeas Corpus § 39, p. 554, states the general rule:

"Status as Fugitive. Habeas Corpus is a proper proceeding to determine whether the prisoner is a fugitive from justice.

"Habeas corpus lies to secure a discharge on the ground that the prisoner is not a fugitive from justice from the demanding state. Accordingly, on habeas corpus, accused is entitled to show that he is not a fugitive from justice within the meaning of the Constitution and laws of the United States, the question being one of fact, on which the executive determination is not conclusive, and on which accused is entitled to introduce evidence.

"The governor's warrant is prima facie evidence that accused is a fugitive from justice and the burden of overcoming the prima facie case made by the warrant is on accused. In view of the settled meaning of the term 'fugitive from justice,' as a general rule the only inquiry permissible on this issue is whether or not accused was physically present within the demanding state at the time the crime charged is alleged to have been committed, or within the demanding state at any time when it was possible for him to have committed the crime charged, or whether or not he is the person intended and actually charged with the offense, * * *."

This is the general rule in Montana. We stated in State v. Booth, 134 Mont. 235, 328 P.2d 1104, that:

"Likewise it is the general rule, from which there seems no dissent, that proof of an alibi, or absence from the scene of the crime at the time of its commission—assuming that such proof does not negative the presence of the prisoner within the demanding state—will not warrant the discharge of the person sought to be extradited. *In fact, such proof will not even be received by the courts; the usual way of stating the rule being that habeas corpus is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused.*"

Apparently the emphasis given to the last sentence of the quote, though applicable to the fact situation appearing in

Booth, has caused confusion and results in overlooking the exception "* * * assuming that such proof does not negative the presence of the prisoner within the demanding state" which is clearly applicable to the fact situation in this case.

There is a wealth of authority for this position throughout the federal and state courts of this country and while we do not wish to unduly extend this opinion we will clarify the matter further by reference to some of these appropriate decisions.

In Smith v. State of Idaho, 373 F.2d 149, the Ninth Circuit Court of Appeals stated:

"When the governor of the asylum state receives the authenticated indictment or complaining affidavit from the governor of the demanding state, there are only two inquiries relevant to the decision to issue a rendition warrant for the arrest of the accused. The first is whether the accused has been substantially charged with a crime under the laws of the demanding state. The second is whether the person demanded is a fugitive, that is, whether he was within the demanding state at the time of the alleged offense. The first is a question of law; the second, a question of fact.

" 'Under 18 U.S.C.A. § 3182 * * * the governor of the asylum state has for decision the legal question whether the demanded person has been substantially charged with a crime and the factual question whether he is a fugitive from justice (citations omitted). * * * On habeas corpus review of his order in a court of the asylum state, the inquiry is limited to the same two questions.' Bruzaud v. Matthews, 93 U.S.App.D.C. 47, 207 F.2d 25, 26 (1953). See also Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544 (1885)."

Colorado has the same ruling, stating:

"The question as to whether a defendant is a fugitive from justice is one of fact. The presumption raised by a governor's warrant in an asylum state in a habeas corpus proceeding may be overcome either by a petitioner showing that he was not within the demanding state at the time the crime was committed

or that he has not since left the state—which Harding failed to do here." Harding v. People, 161 Colo. 571, 423 P.2d 847, (Colo.1967.)

Delaware expresses the same view in Dickerson v. State, Del. Super., (1970), 267 A.2d 881:

"This is an appeal from denial of a writ of habeas corpus.

"The petitioner is being held in custody under a Governor's Warrant for extradition to the State of New Jersey for prosecution there on a charge of armed robbery. After a hearing on the petition for a writ of habeas corpus contesting the legality of the arrest, the Superior Court denied the writ on the ground that it was satisfied that petitioner was the person named in the Warrant. The petitioner presented the issue of whether he was in the State of New Jersey on the date of the offense. Although the Supreme Court admitted the testimony of several witnesses to the effect that the petitioner was in Delaware on the date of the offense, the Court stated that issue was not properly before it; that the only factual issue for its determination was whether the petitioner was the person named in the Warrant. In this the Trial Court erred.

"We hold that upon tender of the issue by the petitioner, the Trial Court was obliged to determine whether the petitioner, by clear and convincing proof, had overcome the prima facie case presented by the Governor's Warrant on the issue of his presence in the demanding State at the time of the offense charged. Upon the tender of such issue, before being delivered, the petitioner was entitled to a ruling by the Trial Court not only that he is the person named in the Warrant, but also that he is a fugitive from the justice of the demanding State. Grano v. State, Del.Super., 257 A.2d 768 (1969); 31 Am.Jur.2d 'Extradition' §§ 65, 66; Illinois ex rel. McNichols v. Pease, 207 U.S. 100, 28 S.Ct. 58, 52 L.Ed. 121 (1907); Ex parte Shoemaker, 25 Cal.App. 551, 144 P. 985 (1914)."

Minnesota also follows the general rule in State v. Limberg, 274 Minn. 31, 142 N.W.2d 563, stating:

"While, as noted above, the asylum state has no power to in-

quire into the guilt or innocence of the person whose extradition is demanded, and while proof of absence from the demanding state at the time the alleged offense was committed necessarily involves facts that would constitute an alibi, it is generally held that a person confined pursuant to an extradition warrant may, in a habeas corpus proceeding, assert his absence from the demanding state as a fact defeating the power of the asylum state to render him. There is a distinction, though often subtle, between proof of absence from the state for purposes of negativing the condition of extradition and proof of an alibi as such for purposes of establishing innocence.

"The bare assertion of the person whose extradition is sought that he was not present in the demanding state will be of no avail in the absence of evidence since the rendition warrant of the governor of the asylum state is itself presumptive or prima facie proof of his presence.

"Where the person whose extradition is sought does present evidence of his absence from the demanding state, the presumptive effect of the rendition warrant places the burden upon him to prove his absence. That burden is a strenuous one, not being satisfied by a mere preponderance of the evidence, but requiring evidence that 'clearly and satisfactorily' or 'conclusively' proves absence. Conversely stated, 'the question of alibi is not open for consideration if there is fair evidence that the appellant was at the place of the crime at the time of it.' "

Most of the states supporting this rule require proof beyond a reasonable doubt as expressed by the Maryland court in Solomon v. Warden, 256 Md. 297, 260 A.2d 68:

"The issuance of a warrant of rendition by the Governor of the asylum state raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest, detention and delivery to the demanding state. See, e.g., Johnson v. Warden, 244 Md. 384, 388, 223 A.2d 584 (1966); Koprivich v. Warden, 234 Md. 465, 468-469, 200 A.2d 49 (1964), and the cases therein cited. In order to rebut the presumption the accused

must prove *beyond a reasonable doubt* either that he was not present in the demanding state at the time of the alleged offense or that he was not the person named in the warrant, and upon proof of the one or the other he is entitled to be released. Id. Moreover, in this kind of habeas corpus proceeding ' [t]he guilt or innocence of the accused　*　*　*　may not be inquired into *　*　*　except as it may be involved in identifying the person *　*　*　charged with the crime.' Code, Art. 41, § 34 (1965 Repl.Vol.). It should be noted also that the presumption must be rebutted by 'overwhelming' evidence, Mason v. Warden, 203 Md. 659, 661, 99 A.2d 739 (1953), thus ' [m]ere contradictory evidence on the question of presence or absence from the state demanding the accused is not sufficient　*　*　*.' Koprivich v. Warden, supra, 234 Md. at 469, 200 A.2d at 52.''

Since the district court erred, as hereinbefore pointed out, let an appropriate writ issue to the respondent district court and judge reversing the denial of the offer of proof and permitting relator to make his showing in the respondent court that he is not and was not a fugitive from Wyoming justice in accordance with the standards we have heretofore set forth.

It is so ordered.