# WILLIAM BRYSON, JR. *v.* WARDEN, BALTIMORE CITY JAIL

[No. 140, September Term, 1979.]

*Decided April 22, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Dennis M. Henderson, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with

whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

We shall here affirm the denial of release under the writ of habeas corpus to William Bryson, Jr.

The State of Virginia desires to place Bryson on trial on a charge of felonious assault. It made a request to the Governor of Maryland for Bryson's rendition. A warrant was duly issued.

Pursuant to Code (1957, 1978 Repl. Vol.) Art. 41, § 25, a part of the Uniform Criminal Extradition Act, Bryson sought the writ of habeas corpus. The proceeding was docketed in the Baltimore City Court. He swore to the petition under the penalties of perjury. Attached to it was a statement of facts in which Bryson "denie[d] that he is the party involved in said case . . . ." The petition apparently was prepared by an attorney from the Public Defender's office, the same attorney who represented Bryson at the hearing in the trial court, but not the same attorney who appeared on his behalf in this Court.

The writ was issued returnable before Judge Hammerman at 9:30 a.m. on July 25, 1979. Bryson had previously been released on bail. When the case was called on that day at that hour, Bryson's attorney was present, but Bryson was not. The attorney said he did not know where Bryson was, although he thought Bryson knew about the hearing. He said that it was his client's contention "that he is not the party," although at another point he said, "According to my client there seems to be — that this is between not strangers but parties friendly to each other and there was a misunderstanding." The latter statement is hardly consistent with a claim not to be the party sought or a claim not to have been in the demanding state at the time of the commission of the alleged crime.

In response to a question from the court as to whether there would be anything that Bryson could tell the court,

whether there would be anything that the judge could do other than to deny the petition, counsel said:

> I don't think so, there is very little. Only the fact that *possibly if* he says that he was not the party who committed that offense and he would come into court and would bring with him five or six witnesses or time sheets showing that that date this offense occurred he was gainfully employed working here in Maryland at that time. [(Emphasis added.)]

The trial judge denied release but continued the case until 10:00 a.m. Counsel for Bryson said that he came directly to the courtroom from his home and suggested that Bryson conceivably could be sitting in the office of the Public Defender. Later that morning counsel again appeared before the court. He advised that efforts to locate Bryson had been fruitless. The bail of $50,000, said to have been posted by members of Bryson's family, was then ordered forfeited.

At 2:00 p.m. on the same day Bryson and his attorney appeared before the same judge. His attorney then stated that he was under the impression that he had told Bryson to be in court that morning. He explained some confusion and related how he located Bryson through Bryson's brother who was involved with the bail. The order forfeiting bail was stricken. The trial judge said that Bryson was "in a posture of having his petition denied." Bail was continued. Bryson made no motion to reopen the proceedings, made no attempt to testify, and made no proffer of what he might have said had he testified.

An appeal was entered to the Court of Special Appeals from the denial of release under the writ. We granted certiorari prior to the time that the case was heard by that court.

As Judge Henderson pointed out for the Court in *Willin v. Sheriff,* 201 Md. 667, 669-70, 95 A.2d 87 (1953), when a demand is made to the Governor of an asylum state, "[n]o particular form of inquiry is prescribed. It has been held that the person demanded has no constitutional right to an

executive hearing." He then went on to suggest for the Court that "[t]he procedure outlined in [what is now Art. 41, § 25], requiring that upon issue of the warrant the prisoner be taken before a judge of a court of record and informed of his right to contest the matter by *habeas corpus,* was obviously designed to provide a judicial hearing to determine whether the accused should be surrendered."

Our cases and those of our intermediate appellate court make clear that a habeas corpus hearing upon the petition of one against whom a warrant of rendition has been issued is in no way intended to test the guilt of the petitioner or even whether there is probable cause to believe he committed the alleged crime. The issuance of the warrant by the Governor of the asylum state raises a presumption that the accused is the fugitive wanted. It is sufficient to justify his arrest, detention, and delivery to the demanding state. In order to rebut this presumption the accused must prove *beyond a reasonable doubt* either that he was not present in the demanding state at the time of the alleged offense or that he is not the person named in the warrant. Mere contradictory evidence is not sufficient. Upon proof of one or the other, he is entitled to be released.[1] *See, e.g., Shields v. State,* 257 Md. 384, 387, 263 A.2d 565 (1970); *Solomon v. Warden,* 256 Md. 297, 300, 301, 260 A.2d 68 (1969); *Koprivich v. Warden,* 234 Md. 465, 468-69, 200 A.2d 49 (1964); *State v. Murphy,* 202 Md. 650, 651, 655, 96 A.2d 473, *cert. denied,* 346 U.S. 824 (1953); *Clark v. Warden,* 39 Md. App. 305, 307, 385 A.2d 816 (1978); *Miller v. Warden,* 14 Md. App. 377, 381, 382, 287 A.2d 57 (1972); *Ray and Huntley v. Warden,* 13 Md. App. 61, 63, 64, 281 A.2d 125 (1971); and *Campbell v. State,* 10 Md. App. 406, 410, 411, 271 A.2d 190 (1970).[2]

---

1. An exception to this would be provided by Code (1957) Art. 41, § 21 concerning an act committed in Maryland or in a third state "intentionally resulting in a crime in the state whose executive authority is making the demand . . . ."

2. We take cognizance of Michigan v. Doran, 439 U.S. 282, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978), which was concerned with habeas corpus. We are

We hold that Bryson may not now be heard to complain that he did not have an opportunity to prove that he was not in the demanding state at the time in question. The sole issue he initially sought to raise before Judge Hammerman was whether he was the individual sought, but he now concedes that he is such individual. At best, at the hearing counsel merely suggested that Bryson *might* have been employed in Maryland at the time of the incident in question. He made no proffer as to precisely what could be shown. Yet, at the same time, he acknowledged that the controversy was "between not strangers but parties friendly to each other and there was a misunderstanding." Under these circumstances we hold that Bryson has failed to demonstrate any prejudice in the conduct of the hearing.

*Judgment affirmed; appellant to pay the costs.*

---

not obliged in this case to determine whether *Doran* further restricts that which may be considered on behalf of one who seeks the writ of habeas corpus in an extradition proceeding.