## SHOEMAKER *v.* SHERIFF OF CARROLL COUNTY

[No. 344, September Term, 1969.]

*Decided May 8, 1970.*

130

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SMITH and DIGGES, JJ.

*William B. Dulany,* with whom were *Robert K. Parker* and *Dulany, Davis & Smith* on the brief, for appellant.

*Francis X. Pugh, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, T. Bryan McIntire, State's Attorney for Carroll County* and *J. Robert Johnson, Assistant State's Attorney for Carroll County,* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

This case is before us on appeal from an order of the Circuit Court for Carroll County denying appellant's writ of habeas corpus. The appellant, Donald Shoemaker, was indicted by the State of Pennsylvania for bringing stolen property into the state. While the date of the alleged offense was December 20, 1966, the indictment was not returned until April 23, 1968, even though Pennsylvania had reason to know as of December 20, 1966, that the appellant was a prime suspect. On May 20, 1968, the Governor of Pennsylvania issued a requisition to the Governor of Maryland requesting that the appellant be returned. After an extradition hearing on September 30, 1969, a rendition warrant was issued by Governor Mandel. On this same date, appellant applied for his writ of habeas corpus in the Circuit Court for Carroll County pursuant to Article 41, Section 25, of the Annotated Code of Maryland. After a hearing his petition was denied and this appeal followed.

The affidavits accompanying the application for requisition of the appellant and the testimony of the witnesses for the State of Pennsylvania, at the habeas corpus hearing, established that there was an eyewitness who saw the appellant bring certain property to him on December 20, 1966, in Pennsylvania. There was evidence that this prop-

erty was stolen. The appellant testified that he presently did not know his whereabouts on December 20, 1966, because of the time lapse since that date. He did acknowledge that he was aware of the charge because of a fugitive warrant served upon him in Washington County on April 10, 1968. On November 4, 1968, the appellant was sentenced to one year in the Maryland House of Correction and was confined until March 24, 1969, at which time he was released on parole. During his confinement in the House of Correction, the State of Pennsylvania failed to file an interstate detainer on the Pennsylvania charge.

In August, 1969, he was once again served with a fugitive warrant. Appellant filed a writ of habeas corpus which was granted. Another warrant was issued August 29 but not served until October 28, 1969.

Appellant raises two major contentions on appeal. He first argues that the delay in indicting and extraditing him by the State of Pennsylvania prejudiced his right to a speedy trial and denied him due process of law. His second contention is that the delay prejudiced his chances of effectively countering the extradition proceedings because the time lapse made it difficult for him to show he was not in Pennsylvania on the date of the alleged offense.

The first contention is beyond our province to examine. There may be merit to the claim that his Sixth Amendment right to a speedy trial was infringed by the long delays in indictment and extradition; however, this is a matter for the Pennsylvania courts to determine. They will be in the best position to determine what harm, if any, was done to the appellant and will have before them the full reason for any delays. We believe this first contention is analogous to an instance where a substantive defense is raised to the crime charged, such as that limitations has run. The law is clear that the demanding state should pass upon the defense raised. In *Lincoln v. State,* 199 Md. 194, 202, 85 A. 2d 765 (1952), we stated:

> "The question is raised whether it appears from the face of the papers in this case that limitations have run against abandonment and de-

sertion in Massachusetts on September 15th, 1941. From Chapter 277, Section 63, General Laws of Massachusetts, 1932, Vol. 2, it seems that such is not the case. However, that question is not before us here. In *Biddinger v. Commissioner of Police,* 245 U.S. 128, 38 S. Ct. 41, 43, 62 L. Ed. 193, *supra,* the Supreme Court of the United States in a case in which extradition was sought by the State of Illinois from the State of New York said: 'The statute of limitations is a defense and must be asserted on the trial by the defendant in criminal cases, *United States v. Cook,* 17 Wall. 168; and the form of the statute in Illinois, which the appellant seeks to rely upon, makes it especially necessary that the claimed defense of it should be heard and decided by the courts of that State * * *'."

We can only conclude that Pennsylvania should be the forum in which this issue concerning his right under the Sixth Amendment of the United States Constitution should be adjudicated.

The second contention raised is an appropriate one for a court passing upon the legality of a restraint, that is the rendition warrant, to consider. The narrow issue before us is whether the delay in the indictment unfairly prejudiced the appellant's attempt to present a defense at the extradition hearing. The record is fairly clear that the State of Pennsylvania had reason to believe that the appellant committed a crime on or about December 20, 1966. However, an indictment was not returned until almost sixteen months later. In determining whether this delay unfairly prejudiced the appellant's ability to demonstrate that he was not in Pennsylvania on the date alleged, we think it important to note that this is a habeas corpus proceeding challenging the legality of the extradition proceeding. A finding that the extradition was proper is not a finding of guilt.

The standard by which to judge the propriety of the extradition proceeding was set forth in *Solomon v. Warden,* 256 Md. 297, 260 A. 2d 68 (1969) :

"The issuance of a warrant of rendition by the governor of the asylum state raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest, detention and delivery to the demanding state. * * * In order to rebut the presumption the accused must prove beyond a reasonable doubt either that he was not present in the demanding state at the time of the alleged offense or that he was not the person named in the warrant and upon proof of one or the other he is entitled to be released. Moreover, in this kind of habeas corpus proceeding 'the guilt or innocence of the accused may not be inquired into * * * except as it may be involved in identifying the person * * * charged with the crime.' Code Art. 41, § 34. It should be noted also that the presumption must be rebutted by overwhelming evidence, *Mason v. Warden,* 203 Md. 659, 661 (1953) thus 'mere contradictory evidence on the question of presence in or absence from the state demanding the accused is not sufficient * * *.' *Koprivich v. Warden,* 234 Md. 465, 469." 256 Md. at 300-301.

We do not believe the sixteen month delay in and of itself is enough to establish irreparable prejudice to appellant's position. We note that there was the testimony of an eyewitness that on December 20, 1966, he purchased certain property from the appellant. The witness had at one time employed the appellant and so was not unfamiliar with the general appearance of the appellant. Thus the presumption raised by the issuance of the rendition warrant is based on substantial testimony. While it is difficult to know what evidence the appellant might have produced had he been indicted more promptly we think that in order to rebut the presumption he would have in

some way had to rebut the credibility of the eyewitness produced by the State of Pennsylvania. Merely producing contradictory evidence would not, of itself, have been enough.

It is difficult to see how the sixteen month delay would hamper his efforts to purge the witness of his credibility through cross-examination at the hearing. Moreover, while a sixteen month delay would understandably make it difficult to know where one was on a particular day, we do not believe it would be impossible to produce some evidence as to his whereabouts during that general time period. No testimony was introduced as to his job at that time or where he might have been. We think there is sufficient evidence to conclude that the rendition warrant was properly granted under the facts presented.

*Order affirmed with costs.*