[No. 3252. Decided June 20, 1899.]

*In the Matter of the Application of* SALFEST A. SYLVESTER *for a Writ of Habeas Corpus.*

APPEALABLE ORDER—HABEAS CORPUS PROCEEDINGS.

    An order dismissing an application for a writ of habeas corpus and remanding the petitioner into custody is appealable.

HABEAS CORPUS—PROCEDURE—PRODUCTION OF EXTRADITION PAPERS.

    One having the custody of an alleged fugitive from justice will not be compelled, on a hearing on habeas corpus, to produce the papers accompanying the requisition of the governor of the demanding state.

EXTRADITION—SUFFICIENCY OF WARRANT.

An extradition warrant constitutes a sufficient authority ·for an arrest and extradition, under U. S. Rev. St. § 5278, where it recites a demand by the governor of another state for the rendition of the prisoner as a fugitive from justice, accompanied by affidavits, complaint, information, indictment and warrant, from which it appears that he is charged in the demanding state with embezzlement, and that the papers accompanying the requisition were duly authenticated by the governor of that state.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Affirmed.

*R. B. Albertson* and *James Hamilton Lewis,* for appellant.

*James F. McElroy, John B. Hart* and *Walter S. Fulton,* for respondent.

The opinion of the court was delivered by

ANDERS, J.—The appellant, Salfest A. Sylvester, sued out a writ of *habeas corpus* in the superior court of King county, whereby he sought to be discharged from the custody of Stener S. Wenaas. The cause and pretense of his arrest and detention he alleged to be a warrant issued by his excellency, John R. Rogers, governor of the state of Washington, without first having the governor of North Dakota certify that an affidavit, if one has been made, stated a crime and was correct under the laws of said state, and that no indictment or affidavit required by law has been found or made in North Dakota. He further alleged that his imprisonment and restraint were illegal, because: First, the governor of North Dakota has not certified that a crime is charged; second, that no crime has been or is now charged or evidenced as is by law required; and, third, that the governor's warrant does not state facts sufficient to warrant petitioner's arrest and detention. The writ was duly served upon the respondent, who thereupon made return thereto that he was the duly accredited agent of the

state of North Dakota; that he denies that said petitioner
was or is unlawfully restrained of his liberty; admits that
the said petitioner is in the custody and control of the
respondent; that said custody is in all things legal and in
accordance with the constitution and laws of the United
States, the states of North Dakota and Washington; that
the respondent, as agent of the state of North Dakota,
holds the said petitioner in his custody under and by
virtue of a warrant for the arrest and extradition of said
petitioner, issued by his excellency, J. R. Rogers, governor
of the state of Washington, a copy of said warrant being
hereto attached and made a part of this return, the original,
nevertheless, being now and here produced in court. Upon
the filing of this return, the said petitioner moved the court
to require the respondent to incorporate into, and make a
part of, his return the representation and demand of the
executive of North Dakota alleged in the warrant as accom-
panied by affidavits, complaint, information, warrant and
indictment, so that said return should set forth the facts
presented to the governor of the state of Washington upon
which he issued his warrant. This motion was denied by
the court, and the appellant duly excepted to the ruling.
Thereupon the appellant interposed a demurrer to the
return, on the ground that the same did not state facts
sufficient to warrant a lawful imprisonment and detention
of the petitioner. The demurrer was overruled by the
court, and an exception taken; and the court thereupon
dismissed the writ and entered an order fixing the bail of
appellant in the sum of $500, and remanding him to the
custody of the sheriff of King county until said bail be
given, to be held by said sheriff at the expense of the state
of North Dakota. From the judgment and orders of the
court the petitioner appeals.

The respondent moves to dismiss the appeal upon the
following grounds: (1) A failure to serve and file briefs

within the statutory time; (2) a lack of diligence in the prosecution of the appeal, and (3) that the order appealed from is not an appealable order and that the court has no jurisdiction to entertain the appeal. Under the circumstances of this case, we think there is no substantial merit in the first two grounds of the motion, and, in regard to the point that the order remanding the appellant into custody is not appealable or subject to review by this court, the case of *In re Foye* and that of *In re Baker,* not yet reported (*ante,* pp. 250, 259), establish the law of this state adversely to the contention of the respondent. For the reasons given more at large in those cases, the motion to dismiss is denied.

Following the rule laid down in the two cases above mentioned, we next proceed to determine the merits of this case, or, in other words, to ascertain whether, in fact, the appellant is and was illegally restrained of his liberty, as alleged in his petition for the writ of *habeas corpus.* In this instance, it will be borne in mind, the papers accompanying the requisition of the governor of North Dakota were not produced at the hearing before the superior court, and we are therefore necessarily limited to a consideration of the return of the respondent to the writ; and the question is, does the return, which is admitted to be true by appellant's demurrer, show facts sufficient to authorize the arrest and extradition of the appellant under art. 4, § 2, of the constitution of the United States, and § 5278 of the Revised Statutes of the United States, which provisions constitute the law governing the subject of interstate extradition? It seems to be the established law in this country that the executive authority of a state, upon whom a demand has been made by the executive authority of another state for the rendition of a fugitive from justice, cannot be coerced by the courts to produce or exhibit the papers accompanying the requisition of the governor of

the demanding state. Church, Habeas Corpus, § 480; *People v. Donohue,* 84 N. Y. 438. And, that being true, it would seem logically to follow that one having the custody of an alleged fugitive from justice should not be obliged, on a hearing upon *habeas corpus,* to produce such papers. In fact, this point was directly raised and passed upon adversely to the contention of the appellant in the *Matter of Leary,* 10 Benedict, 197 (6 Abb. N. C. 44). See, also, *People v. Donohue,* 84 N. Y. 438. The executive warrant in this case recites:

" Whereas it has been represented to me by His Excellency Joseph M. Devine, Governor of the State of North Dakota, that Salfest A. Sylvester stands charged in said state with the crime of embezzlement committed in the County of Traill in said state, and is a fugitive from the justice of said state and has taken refuge in the state of Washington;

And whereas, the said Governor of the State of North Dakota has, pursuant to the constitution and laws of the United States, demanded of me that I cause the said Salfest A. Sylvester to be arrested and delivered to Stener S. Wenaas, agents authorized to receive him into their custody and convey him back to said state of North Dakota;

And whereas, said representation and demand are accompanied by affidavits, complaint, information, indictment and warrant whereby the said Salfest A. Sylvester is charged with the said crime and being a fugitive from the justice of said state and having taken refuge in the state of Washington, which are certified by said governor of North Dakota to be duly authenticated.

Now, therefore, I, J. R. Rogers, Governor of the State of Washington, do hereby authorize and empower Stener S. Wenaas, the agent named in said demand, to take the said Salfest A. Sylvester wherever he may be found in this state, and transfer him to the line thereof at the expense of the State of North Dakota.

And I hereby command all civil officers within said state of Washington to afford all needful assistance for the execution of this warrant.   .   .   . "

This warrant, as we have before observed, was made a part of the respondent's return to the writ, and appellant's demurrer admits the truth of all of its material allegations, and, if it states all of the facts required by the constitution and laws of the United States to authorize the arrest of a fugitive from justice, then the arrest and detention complained of is not illegal, and appellant ought to be remanded to the custody of the respondent, to be transported to the state of North Dakota to answer to the charge there preferred against him. An examination of this warrant will show a compliance with all the conditions prescribed by § 5278 of the Revised Statutes of the United States. It clearly recites a demand by the governor of the state of North Dakota for the rendition of appellant as a fugitive from justice from that state; that the demand was accompanied by the papers therein specified; that it appears therefrom that appellant is charged in that state with the crime of embezzlement and that the papers accompanying the requisition were duly authenticated by the governor of the said state of North Dakota. None of the recitals are controverted by the appellant, and we think the warrant constitutes a sufficient authority for the arrest and extradition of the appellant. *People v. Donohue, supra; People v. Pinkerton,* 77 N. Y. 245; *Ex Parte Reggel,* 114 U. S. 642 (5 Sup. Ct. 1148); *Roberts v. Reilly,* 116 U. S. 60 (6 Sup. Ct. 291); Church, Habeas Corpus (2d ed.), § 480; *Matter of Clark,* 9 Wend. 212.

The judgment and order of the lower court remanding the appellant was, in our opinion, correct and proper, and it is therefore affirmed; and it is ordered that the appellant be delivered to the respondent, as the agent of North Dakota, when he shall appear, and that, in the meantime, he be kept in the custody of the sheriff of King county, at the expense of said state.

GORDON, C. J., and FULLERTON, DUNBAR and REAVIS, JJ., concur.