STATE EX REL. EBERLE *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 27, Otober Term, 1948.]

732

*Decided March 31, 1949:*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

PER CURIAM.

This is an application for leave to appeal from refusal of a writ of habeas corpus.

Petitioner was convicted of burglary by the Criminal Court of Baltimore on March 7, 1945, and was sentenced to serve 35 years in the Maryland Penitentiary. In February, 1948, Judge Sherbow, upon request of the First Assistant District Attorney in Philadelphia, ordered that petitioner be taken under guard to Philadelphia to

stand trial on an indictment pending there and immediately after the trial, whether the verdict be guilty or not guilty, to be returned to the Maryland Penitentiary to complete serving the sentence of 35 years. Petitioner alleges that he was taken from the Penitentiary and removed to Philadelphia on an illegal order and was deprived of his constitutional rights, because he was not taken before a judge of a court of record of the State of Maryland and informed of the crime with which he was charged before he was delivered to the officer of the demanding State, as required by the Extradition Act. Code 1939, art. 41, sec. 22. At a habeas corpus hearing before Judge France, petitioner testified that he pleaded guilty in Pennsylvania and was sentenced to a term of 25 to 50 years.

In 1944 the Attorney General of Maryland, in a case where the State of Oklahoma requested that a prisoner serving a sentence in the Maryland Penitentiary be granted a temporary parole in order that he might be tried in Oklahoma, advised the Governor of Maryland that the prisoner might resist his return to Maryland if he were released for trial in Oklahoma. *29 Opinions of the Attorney General* 97. However, in the case before us petitioner has been returned from Philadelphia and has been placed in the Maryland Penitentiary under the original commitment. We find no merit in his contention that his confinement in the Penitentiary is illegal. By releasing petitioner for the trial in Philadelphia, the State of Maryland did not waive its rights to his custody.

Petitioner also alleges that he was not represented by counsel at his trial in the Criminal Court of Baltimore. We find no merit in this contention. He admits that he was given the privilege of communicating with his wife prior to the trial, and that, depending upon his wife, he pleaded guilty to the charges against him. He admits that he did not ask the Court to appoint counsel to represent him. It also appears that he had been an offender on previous occasions, and that he had the benefit of experience in criminal procedure. In these circumstances

he has not shown that he was deprived of due process of law. U. S. Const. Amend. 14. Compare *Raymond v. State ex rel. Szydlouski,* 192 Md. 602, 65 A. 2d 285.

*Application denied, without costs.*

[H. C. No. 28, October Term, 1948.]

*Decided March 31, 1949.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.