## LARRY RAY AND RICHARD H. HUNTLEY v. WARDEN, BALTIMORE CITY JAIL

[No. 29, September Term, 1971.]

*Decided September 9, 1971.*

62

The cause was argued before THOMPSON, CARTER and GILBERT, JJ.

*James H. Whitney,* with whom were *Beall, Whitney & Dumler* on the brief, for appellants.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Domenic R. Iamele, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

The only substantial question presented in these two appeals is the facial validity of warrants of rendition, issued by the Governor of Maryland, under U. S. Const. Art. 4, § 2, as implemented by 18 U.S.C. § 3182 and by *Md. Code,* Article 41, §§ 16 to 43.

The warrant as to Richard H. Huntley recited that it was issued on demand from the Governor of the State of Pennsylvania which demand was accompanied by a copy of the conviction charging him as a fugitive for violation of parole and that the accompanying papers were certified as authentic by the Governor of the State of Pennsylvania. The warrant as to Larry Ray was issued at the request of the Governor of the State of North Carolina and contained similar recitals. When Ray and Huntley were brought before the trial court in accordance with *Md. Code,* Article 41, § 25, each demanded an opportunity to apply for a Writ of Habeas Corpus which was subsequently issued. At the hearings thereon, the State produced the warrants of rendition and

the requests from the respective Governors of the demanding states, but did not produce the documents required by law to accompany the requests from the demanding states.

The appellants contend the burden of proof is upon the state to show a compliance with *Md. Code,* Article 41, § 18, which requires that the demand for extradition be accompanied by a copy of the indictment, information, conviction, etc. and that the copies of the required papers be authenticated by the Governor of the demanding state. The appellee on the other hand, contends that the production of the warrant issued by the Governor of Maryland containing proper recitals is itself sufficient to authorize extradition in the absence of contrary proof by the applicant for the Writ of Habeas Corpus. We agree with the appellee.

To support this argument, the appellants cite *Commonwealth ex rel. Girnus v. Haas,* 439 Pa. 39, 266 A. 2d 94, *Audler v. Kriss,* 197 Md. 362, 79 A. 2d 391 and *Campbell v. State,* 10 Md. App. 406, 271 A. 2d 190. Two of these cases support the proposition that the accompanying papers will be reviewed if they are presented to the court but none cover the question as to who has the duty to present the papers. The general rule is that the issuance of the Governor's warrant, valid on its face, creates the presumption that documents accompanying the demand were in proper order. Cases so holding are cited in the note.[1]

It appears that this particular point has not heretofore been presented to the Courts of Maryland. The spirit of our decision however, appears to be in accor-

---

1. *People, ex rel Jourdan v. Donohue,* 84 N. Y. 438 (1881), *In re Scrofford,* 12 N.Y.S. 943 (N. Y. S. Ct. 4th Dept. 1891), *In re Sylvester,* 57 P. 829 (Wash. 1899), *Ex parte Haynes,* 267 S. W. 490 (Texas 1924), *Ex parte Davis,* 62 S.W.2d 1086 (Mo. 1933), *Peck v. Chase,* 107 So. 541 (Fla. 1926). We have found very little authority *contra,* see however, *Loper v. Dees,* 49 So. 2d 718 (Miss. 1951) which indicated to the contrary in *dicta,* but found admissions in the application sufficient to warrant the denial of the Writ of Habeas Corpus. There is no allegation in the instant case that the Governor refused to permit inspection of the accompanying documents as in *Johnson v. State,* 72 So. 2d 861, (Court of Appeals of Ala. 1953).

dance with *Solomon v. Warden,* 256 Md. 297, 260 A. 2d 68 where the Court stated that the issuance of a warrant of rendition created a presumption that the accused is the fugitive wanted and places a burden upon him to prove beyond a reasonable doubt, either, that he was not present in the demanding state at the time of the crime, or, that he was not the person named in the warrant. We hold that if the warrant of rendition is valid on its face, the applicant also has the burden to prove that the warrant was improperly issued.

Both appellants also allege they were illegally arrested since no warrant was issued pursuant to *Md. Code* Art. 41, § 28. This section is designed to accomplish the arrest of persons prior to the time the Governor's warrant of rendition is executed. It has no application after the issuance of the Governor's warrant. In the present case, since the appellants were confined in Maryland institutions, there was no occasion for the State to issue a warrant prior to the issuance of the Governor's warrant of rendition.

Huntley alone contends he is not a fugitive from justice because the State of Pennsylvania waived its right to proceed against him for violation of parole by releasing him to the State of Maryland after the crime had been committed. Testimony of the Pennsylvania officers showed that appellant was arrested by Pennsylvania officers and was later surrendered to the F.B.I., who in turn, released him to Maryland authorities for prosecution for certain offenses. Appellants cite 31 Am. Jur.2d *Extradition,* § 71 to support the proposition that the surrender of one in custody could constitute such a waiver, but as that article points out, such a view is a minority view. This seems contrary to *State ex rel. Eberle v. Warden,* 192 Md. 731, 65 A. 2d 291. We think logic and reason would require more than the mere release of a prisoner to a foreign state to show waiver by the surrendering state of the right to prosecute for crimes previously committed therein.

*Judgments affirmed.*