# DANIEL BOYD ROSCOE *v.* WARDEN, BALTIMORE CITY JAIL

[No. 206, September Term, 1974.]

*Decided November 21, 1974.*

The cause was argued before MORTON, MENCHINE and LOWE, JJ.

*Alexander R. Martick* for appellant.

*Bernard A. Raum, Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Timothy Seidel, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MENCHINE, J., delivered the opinion of the Court.

Daniel Boyd Roscoe was arrested in the City of Baltimore on the 31st of October, 1973 on a fugitive warrant based upon an arrest warrant issued in the State of Virginia. On November 15, 1973 the Governor of Virginia issued his order to J. J. Rawlings, agent, and F. F. Smith, guard, authorizing and empowering them to receive Daniel Boyd Roscoe from the proper authorities of the State of Maryland and to take him to the City of Norfolk in the State of Virginia to be dealt with according to law. The Virginia Governor's order described Roscoe as a fugitive from justice.

The Governor of Maryland, after a hearing conducted by his representative, issued a warrant of rendition authorizing the said J. J. Rawlings, agent, and F. F. Smith, guard, as agents of the State of Virginia to take and transport Daniel Boyd Roscoe to the borderline of the State of Maryland. As authorized by the provisions of Article 41, § 25 of the Annotated Code of Maryland, Daniel Boyd Roscoe filed a petition for habeas corpus in the Baltimore City Court to test the validity of his arrest. Judge Marshall A. Levin on April 5, 1974 sustained the validity of the Maryland warrant of rendition and denied habeas corpus relief.

In his appeal to this Court Roscoe contends:

1. That he was denied his constitutional right to trial by jury, and
2. That he was improperly denied habeas corpus relief on constitutional and factual grounds.

### 1. *Denial of Jury Trial*

Appellant maintains that the question whether he is a fugitive from justice is an issue of fact. From this correct premise he contends, quite incorrectly, we think, that he is

entitled to a trial by jury for decision upon that question. The issue appears to be one of first impression in this State.

*Church on Habeas Corpus* § 173, at 256 (2nd Ed. 1893) states:

> "A trial by jury cannot be demanded by a prisoner or respondent in a habeas corpus proceeding as a matter of right. Might as well a trial in a preliminary examination, or in chancery, by jury be demanded. There is no provision in the constitution of the United States, neither is there in any of the state constitutions, which gives the right to have these issues of fact tried by a jury in such proceedings. The constitutions, federal and state, provide, substantially, that the right of jury trial shall not be violated, but it is no violation of this inestimable privilege to deny it in chancery proceedings, preliminary examinations, and proceedings by habeas corpus."

In *Barry v. White*, 64 F.2d 707 (D.C. Cir. 1933) it was said at 709:

> "The constitutional guaranty of trial by jury preserves such right only as it existed at common law or by statute prior to the adoption of the Constitution, and does not extend it to the trial of issues the determination of which had been theretofore by the court alone, as on hearings of habeas corpus."

*Pittman v. Byars*, 112 S. W. 102 (Ct. of Civ. App. Tex. 1908) is a leading case on the question. The Constitution of Texas contains provisions relating to trial by jury similar to Maryland.[1] It was said at 106:

---

1. Article 1, § 15 of the Constitution of Texas provides, *inter alia*, "The right of trial by jury shall remain inviolate."

Article 5, § 10 of the Constitution of Texas provides, *inter alia*, "In the trial of all cases in the district courts the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury * * *."

Compare: Articles 5, 21 and 23 of the Declaration of Rights and Article IV, §§ 8 and 39, and Article XV, § 6 of the Constitution of Maryland.

"Both before and since the adoption of the present Constitution, it has been the uniform practice in this state for habeas corpus cases to be tried before the court, and not by a jury, and this has been as well the settled practice in England as in the United States. Notwithstanding the broad language used in the Constitution, we are loath to believe that it was the intention of the framers thereof to change the rule in this respect, and to require that habeas corpus cases should be tried by a jury, and not by the court. Therefore we are inclined to follow the beaten path of the common law as well as the uniform practice by our own courts, and hold that the court below did not err in refusing to grant appellants a trial by a jury." [2]

Two extradition cases in other jurisdictions, precisely on point, are *Storms v. Lambert, Sheriff,* 355 P. 2d 766 (S. Ct. Ore. 1960); and *Ex Parte Graves,* 128 N. E. 867 (S. Jud. Ct. Mass. 1920). *In Graves, supra,* it was said at 871:

"Trial by jury in habeas corpus has never been allowed in this Commonwealth, so far as we are aware. Such proceedings would be contrary to the essential nature of that writ, which is to determine forthwith the right of a person to his liberty."

We are persuaded by the authorities cited *supra,* that the right to a jury trial guaranteed by the Constitutions of the United States and the State of Maryland does not extend to factual determinations in habeas corpus cases.

---

2. *Knee v. City Pass. Ry. Co.,* 87 Md. 623, 40 A. 890, although factually inapposite, recognized that the constitutional right to trial by jury in civil cases is to be construed in connection with the common law history of that right; *Houston v. Lloyds,* 241 Md. 10, 20, 215 A.2d 192, 198, repeated the language of *Knee, supra,* " * * * " that it is the historical trial by jury, as it existed when the Constitution of the State was first adopted, to which the Inhabitants of each State are entitled."

In *In Re Johnson,* 254 Md. 517, 255 A. 2d 419, the trial court's denial of a motion for jury trial in a juvenile proceeding was affirmed. (Cited and its position sustained in the plurality opinion in *McKeiver v. Pennsylvania,* 403 U. S. 528, 549, 29 L.Ed.2d 647, 663.) See also: *Matter of Easton,* 214 Md. 176, 133 A. 2d 441 (jury trial in lunacy proceedings not constitutionally mandated).

### Denial of Habeas Corpus Relief

Appellant mounts a three-pronged attack on the trial court's denial of relief. He contends: (a) that the State failed to show compliance with § 18 of Article 41; (b) that he was thereby unconstitutionally subjected to double jeopardy; and (c) that he proved beyond a reasonable doubt that he was not a fugitive.

### (a) *Compliance with § 18*

Section 18 of Article 41 reads as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under § 21, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a justice of the peace or magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has **escaped from confinement or has broken the terms** of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate or justice of the peace must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of the indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

Appellant contends that the State offered no evidence at

the hearing in the trial court, that Virginia's request for extradition had been accompanied by a copy of an indictment or information. He urges that the State had a burden to make such a showing. The difficulty with appellant's position is that the warrant of rendition issued by the Maryland Governor was offered in evidence. It has been established beyond cavil that execution of the Governor's warrant of rendition raises a presumption that the accused is the fugitive wanted and it is sufficient to justify his arrest and detention and delivery to the demanding state, unless he shows beyond a reasonable doubt that he was not a fugitive. *Koprivich v. Warden,* 234 Md. 465, 469, 200 A. 2d 49, 52, and cases therein cited.

The contention here made is precisely answered in *Ray and Huntley v. Warden,* 13 Md. App. 61, 281 A. 2d 125, wherein we said at 63-64 [126-27]:

"The appellants contend the burden of proof is upon the state to show a compliance with Md. Code, Article 41, § 18, which requires that the demand for extradition be accompanied by a copy of the indictment, information, conviction, etc. and that the copies of the required papers be authenticated by the Governor of the demanding state. The appellee on the other hand, contends that the production of the warrant issued by the Governor of Maryland containing proper recitals is itself sufficient to authorize extradition in the absence of contrary proof by the applicant for the Writ of Habeas Corpus. We agree with the appellee.

"To support this argument, the appellants cite *Commonwealth ex rel. Girnus v. Haas,* 439 Pa. 39, 266 A. 2d 94, *Audler v. Kriss,* 197 Md. 362, 79 A. 2d 391 and *Campbell v. State,* 10 Md. App. 406, 271 A. 2d 190. Two of these cases support the proposition that the accompanying papers will be reviewed if they are presented to the court but none cover the question as to who has the duty to present the papers. The general rule is that the issuance of the

Governor's warrant, valid on its face, creates the presumption that documents accompanying the demand were in proper order. Cases so holding are cited in the note.

"It appears that this particular point has not heretofore been presented to the Courts of Maryland. The spirit of our decision however, appears to be in accordance with *Solomon v. Warden*, 256 Md. 297, 260 A. 2d 68 where the Court stated that the issuance of a warrant of rendition created a presumption that the accused is the fugitive wanted and places a burden upon him to prove beyond a reasonable doubt, either, that he was not present in the demanding state at the time of the crime, or, that he was not the person named in the warrant. We hold that if the warrant of rendition is valid on its face, the applicant also has the burden to prove that the warrant was improperly issued." (Footnote omitted.)

### (b) Double Jeopardy

Appellant's contention that failure of the trial court to give credit to his evidence of the alleged prior termination of criminal proceedings against him in the State of Virginia was in violation of his constitutional protection against double jeopardy, is not for decision by the Courts of Maryland. In *Moquin v. State*, 216 Md. 524, 140 A. 2d 914, it was said at 527-28 [916]:

"The concept [double jeopardy] clearly contemplates that the action which bars a second prosecution must be one instituted in a court which has the power to convict and punish the person prosecuted for his criminal conduct."

Chief Judge Hammond, in *Johnson v. Warden*, 244 Md. 384, 389, 223 A. 2d 584, 587, adopted the language used in *People, ex rel Hackler v. Lohman*, 160 N.E.2d 792 (Ill. 1959) wherein it had been stated:

"Since the only purpose of extradition is the return

of the fugitive to the place of the alleged offense, his constitutional rights, other than the present right to personal liberty, are not involved."

Any question of double jeopardy is a matter for resolution in the demanding state.

### (c) *Was Appellant a Fugitive?*

In *Solomon v. Warden,* 256 Md. 297, 260 A. 2d 68, it was said at 300-01 [70]:

"In order to rebut the presumption [that the accused is the fugitive wanted] the accused must prove *beyond a reasonable doubt* either that he was not present in the demanding state at that time of the alleged offense or that he was not the person named in the warrant, and upon proof of the one or the other he is entitled to be released."

In the subject case, the appellant does not maintain that he was not in the demanding state at the time an alleged offense was committed. His position is that he proved beyond a reasonable doubt that he is not a fugitive from justice because he has shown beyond a reasonable doubt that there is no indictment or information pending against him in the demanding state. We find his evidence to fall far short of its mark. It is true that at the habeas corpus hearing appellant offered in evidence certified copies of docket entries of the Circuit Court in the City of Norfolk, reading as follows:

" * * * it appears from a Report of Criminal Cases Disposed of by the Judge of the General District Court (Criminal Division), formerly Municipal Court of the City of Norfolk, Virginia, which records are required by law to be filed in this office, that Daniel Boyd Roscoe *was charged on the 31st day of May, 1968,* for Violation Sec. 18.1-65 State Code, to-wit: Shooting, stabbing, wounding with intent to kill, maim, etc.; Violation Sec. 18.1-44 State Code, to-wit: Rape; Violation Sec. 18.1-36

State Code, to-wit: Abduction and kidnapping; Violation Sec. 18.1-91 State Code, to-wit: Robbery; Violation Sec. 31.3 City Code, to-wit: Assault and Battery. These charges were dismissed. (Italics supplied.)

There was other evidence, however, supplied by William Elliott, a detective assigned to the Fugitive Unit of the Baltimore City Police Department, a witness in behalf of the State, that appellant was arrested on the 31st of October 1973 on a fugitive warrant issued in Virginia on the *3rd of June, 1968.* The appellant has not established beyond a reasonable doubt that he is not a fugitive.

We do not, of course, reach the question whether dismissal of the warrants dated May 31, 1968 was dispositive of issues raised under the later warrant. This is a substantive issue for determination by the demanding state.

*Order affirmed.*
*Costs to be paid by appellant.*